LEVI D. BOONE, ADMINISTRATOR OF JESSE B. THOMAS, DE-CEASED, AND THE HEIRS OF J. B. THOMAS, COMPLAINANTS AND APPELLANTS, *v.* THE MISSOURI IRON COMPANY.

Where a bill was filed for the specific execution of a contract, and it appeared that the notes given for the purchase of the property had never been paid, and the property was sold for the payment of the consideration-money, the bill was properly dismissed.

No principle in equity is better settled, than that he who asks a specific execution of his contract must show a performance, on his part, or that he has offered to perform. Neither of these was done in this case.

THIS was an appeal from the circuit court of the United States for the district of Missouri.

The bill was filed by Thomas, in his lifetime, and referred to a complicated history of transactions, running from 1836 to 1848, the date of the bill. A condensed narrative of these transactions is given in the opinion of the court.

The circuit court dismissed the bill, and the complainants appealed to this court.

The case was argued by *Mr. Britton A. Hill,* for the respondents, no counsel appearing for the appellant.

The argument of *Mr. Hill* was so intimately connected with the facts in the case, upon which he founded his legal infer-

ences, that the points of law could not be made intelligible without a detailed statement of the particular facts of the case. The argument is, therefore, omitted altogether.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the circuit court of the United States for the district of Missouri.

The bill prays the specific execution of a contract between Thomas and the Missouri Iron Company, dated 15th August, 1839, which requires the defendants to give up and cancel the notes of Thomas to Nancy Bullett, for $10,000, dated 2d November, 1836; to pay a debt due to Martin Thomas; to sell or transfer, on the books of said company, for the use of the complainant, $43,000 worth of stock of said company, or, in the alternative, that the American Iron Company may be decreed to reconvey the one undivided seventh part of the Iron Mountain tract to the complainant.

The complainant died in 1849, and, his death being suggested, an amended bill was filed, praying for an account of rents and profits, for the use of the land and consumption of ores, timber, &c., by the defendants, and for a decree of title, &c.

On the 2d November, 1836, Nancy Bullett, widow, sold to her brother, the complainant, one undivided seventh part of a tract of 20,000 arpens of land, in Washington county, Missouri, known as the Iron Mountain tract; and she executed to him a title-bond of that date, with the condition that she would convey to him the above interest, on the payment of two notes for $5,000 each, one payable at six, the other at twelve months, from the date of the bond. On the 15th of November, 1836, Thomas made a similar title-bond to John L. Van Doren, with the condition to make a deed, upon his paying the two notes of $5,000 each to Mrs. Bullett; and also three notes, of $5,000 each, given by him to Thomas, at eighteen, twenty-four, and thirty months, from the date of the bond.

On the 31st of December, 1836, the Missouri Iron Company was incorporated by the legislature of Missouri, and Van Doren, Pease, and Co. were named in the act as corporators. The company was organized; books were opened to sell the capital stock; Van Doren was appointed to obtain subscribers, but, being unsuccessful, he failed, made an assignment, and became insolvent. Agents were appointed to visit foreign countries; who returned, making a report that a banker in Amsterdam subscribed $600,000 of stock. The stock was raised to $5,000,000, but the company soon became hopelessly embarrassed.

29*

On the 22d of February, 1839, James Bruce, who married Mrs. Bullett, conveyed all their interest in the one seventh of the Iron Mountain tract, to Allen and Sloan, and also assigned the notes of Thomas to them, for the consideration of $4,500. At the same time, Allen and Sloan gave a bond to Bruce and wife, to convey to Thomas all their interest in the one seventh of the tract, on his paying to them $9,000, the amount due on the original purchase.

On the 15th of August, 1839, A. Jones, president of the company, executed the following receipt to Thomas, under which he claims a specific performance against the Missouri Iron Company, and the other defendants, to wit: "Received of Jesse B. Thomas, of Sangamon county, Illinois, a transfer of $71,400 of the capital stock of the Missouri Iron Company, $43,000 of which is to be transferred to Julius Sichel, of Amsterdam, to consummate a contract entered into with him. The residue of the stock to be appropriated to pay the balance due on the two notes given to Mrs. Bullett," &c.

On the 2d September, 1841, the board resolved, that the president be authorized to receive back from Thomas the stock issued to him, &c.; and the secretary addressed to him a letter, saying: "You will perceive that, by the above resolution, the president is authorized to cancel the bond or agreement, in relation to the transfer of your interest in the Iron Mountain tract. As the chance of doing something with the property is better than the stock, I presume you can have no objection to making the transfer; the company is about to be dissolved, and the stock is worth nothing," &c.

It does not appear that this communication was ever answered by Thomas. He never paid, or offered to pay, the money due to Mrs. Bullett, or to Allen and Sloan, her assignees. He did not transfer to the company the 714 shares of stock, nor demand the cancellation of Mrs. Bullett's title-bond, that he had assigned to the company. Nor does it appear that he did any act to fulfil his contract with Mrs. Bullett.

In January, 1842, it appears the company failed, and all its property was sold on execution. In the amended bill, it is averred that, in 1842, the Missouri Iron Company was dissolved, being insolvent. C. C. Zeigler became the purchaser, at sheriff's sale, of all the Iron Mountain tract, for which he received the sheriff's deed, dated 6th July, 1841; and, on the 6th of January, 1842, the Missouri Iron Company sold the tract to Zeigler, and executed a deed to him.

A decree had been rendered in the circuit court of St. Francois county, at the suit of Allen and Sloan, assignees of Mrs. Bullett, against Thomas and J. L. Van Doren, for the sum of

$11,475, which was the consideration for the purchase of the undivided seventh part of the Iron Mountain tract, which was declared to be an equitable lien on the interest purchased; and, under the decree of May 8, 1843, the property was sold to Zeigler, and both Thomas and Van Doren were barred and precluded, by the decree, from enforcing any rights against the same. Pending that suit, Zeigler purchased the interest of Allen and Sloan in the title-bond of Mrs. Bullett to Thomas, and the notes of Thomas, given to Mrs. Bullett, for $6,500.

It appears that, on the 24th of January, 1843, the American Iron Company was incorporated, and that Zeigler sold the Iron Mountain tract to the company.

There is no evidence showing a connection between the Iron Mountain Company first formed, and the present American Iron Company, except that the latter company is in possession of the same property, claiming it by sheriff's sale and deeds of conveyance under a decree, and from parties who were corporators of the first company, and who represented the company.

It would be difficult to find any case where the objections to the specific execution of a contract are more insuperable than in this case. In the first place, the consideration for which the property was purchased has not been paid; and the statute of limitations would have barred a recovery on the notes given, if suit had been brought on them at the time this bill was filed. It is true the purchaser from Thomas, Van Doren, agreed to pay these notes; but, not having done so, the assignment affords no excuse for the negligence of Thomas in his lifetime. And there is no principle in equity better settled, than that he who asks a specific execution of his contract must show a performance on his part, or that he has offered to perform. Neither of these has been done in this case.

In addition to this, it appears that the property claimed by the representatives of Thomas, which he never paid for, was sold in 1841, under a judgment obtained by Martin *v.* Van Doren, Pease, and Co., the corporators named in the Missouri Iron Company, by the sheriff, and that C. C. Zeigler became the purchaser; and after this, the 6th of January, 1842, the Missouri Iron Company sold the Iron Mountain tract to Zeigler, and executed to him a deed. In the same year the company was dissolved, being insolvent.

It also appears that a decree was rendered for the purchase-money, in 1843, which the court held was an equitable lien upon the land, and the land was decreed to be sold for the payment of the consideration-money; and one seventh of the whole tract, the amount purchased by Thomas, was, on the 8th of May, 1843, sold. This proceeding was had, on the ground that Thomas had abandoned his claim to the land.

By various efforts and contrivances, the stock of the first company was advanced to $5,000,000, but, as might be expected, after such an inflation, the stock proved to be worth nothing, and the owners became insolvent.

Under the American Iron Company, which succeeded the first company, extensive works have been established, and a prosperous business in mining is carried on.

On a full consideration of this complicated case, there seems to be no ground of equity on which relief can be given to the complainants. On the contrary, their equity appears to have been extinguished by negligence, in not paying the consideration, by the sale of the property by the sheriff, also under a decree of a court having jurisdiction of the case, and also by a conveyance of the Missouri Iron Company. A minute statement of the facts would be tedious, and cannot be necessary, as the case is free from doubts by the outline above given.

The decree of the circuit court, which dismissed the complainant's bill, is affirmed.

## *Order.*

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Missouri, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court that the decree of the said circuit court in this cause be and the same is hereby affirmed, with costs.