## KIDDER WALKER v. HIRAM EMERSON.

Where it was proved that the docket of the Justice of the Peace was lost or destroyed, and executions and Sheriff's deed were produced, accompanied by proof of possession of the land by the purchaser and those claiming under him, it was held that it was error to instruct the jury, in general terms, that the judgment must be shown; and that it should have been left to the jury to find whether there was such judgment as was recited in the executions, or not.

In an action of trespass to try title, where the defendant entered under a Sheriff's sale of the land as the property of a third person, a release from such third person, executed since the commencement of the suit, is admissible in evidence, to cure defects in the proof of the judgment, execution and Sheriff's sale.

Where a vendee paid part of the purchase money, and entered into possession of the land, under a bond for title, and he and those claiming under him had continued in possession for fourteen years, it was held to be erroneous to instruct the jury that where a party receives a bond conditioned that he shall pay money at a particular time, he has no title until he pays the money; and if he has paid a part of the purchase money in advance, and fails to pay the balance according to the stipulations of the bond, he forfeits what he has already paid.   The instruction was calculated to mislead.

The true position on that subject is, that the failure to pay the purchase money, when due, gives the vendor the alternative option, to sue for the balance of the purchase money, or for the land; and in a suit for the land, he could eject the vendee, unless, perhaps, the latter should bring the money into Court, and

Walker v. Emerson.

claim a specific performance of the contract, not having repudiated it other-wise than by failure in point of time of payment.

It would seem that where a vendor, who has given a bond for title to land, which shows that the whole of the purchase money has not been paid, and under which the vendee takes and retains possession for ten years, fails to sell the land or sue for it, or otherwise repudiate the contract, within that time, he is precluded by limitation from his action to recover the land. If the possession of the vendee, and those claiming under him, was not adverse and continuous for the ten years, this rule might not prevail.

Where the vendor sued to recover land sold by him over ten years before, and produced a note given by the vendee at the time, for part of the purchase money; the vendor having given a bond to convey, upon the payment of said note; it was held that it was erroneous to instruct the jury, that the produc-tion of the note by the plaintiff, rebutted the presumption, of its payment, from lapse of time; that (upon the supposition that plaintiff was not barred of all remedy), such lapse of time was a circumstance tending to prove pay-ment, which ought to have been left to the jury to determine the fact, not-withstanding the production of the note by the vendor.

Appeal from Colorado. Tried below before the Hon. James H. Bell.

The bond for title was as follows:—

September 28th, 1841.

REPUBLIC OF TEXAS, *County of Colorado.*

This indenture witnesseth, that for and in consideration of the sum of eighty-five dollars in hand paid, the receipt whereof is hereby acknowledged, I, Hiram Emerson, of the aforesaid Republic and county of Fayette, have this day and date bar-gained and sold, and do by these presents bargain and sell unto John Izard, of the above Republic and county, his heirs or assigns, a piece, parcel, or tract of land, known as the former property of William Frels, of the above Republic and county, containing three hundred and twenty acres of land; it being and lying on the east side of the road leading from Judge Cum-mings to Columbus, and bounded on the east by a tract of land known as the property of the aforesaid William Frels, contain-ing three hundred and twenty acres, on the west by a small tract or piece of land belonging to the Republic of Texas, on the north by a tract of land unknown, on the south by the league of land claimed by Shimishite, John York, and others; now if the said John Izard, of the county and Republic afore-said, shall pay or cause to be paid unto the aforesaid H. Emerson,

his heirs or assigns, a note of hand given in the said Emerson's favor, for one hundred and sixty-five dollars, good and lawful money, in twelve months from the 28th of September, 1841; it being further agreed, that as the title is to come from the aforesaid Wm. Frels, of the above county and Republic, that in case the said H. Emerson does not get, in the time of twelve months above mentioned, a good and lawful title from the above mentioned Wm. Frels, then the aforesaid John Izard has agreed to take from the said Emerson, the bond which he holds on the said Wm. Frels for the above mentioned piece or parcel of land of three hundred and twenty acres, bearing date Sept'r 28th, 1841, and duly tested: now if the said John Izard shall pay or cause to be paid unto the said H. Emerson, or his agent, the above mentioned note, within twelve months from the date of said note, then this article of agreement shall remain in full force and virtue, otherwise shall be null and void.

The other facts are stated in the Opinion.

*J. H. Robson,* for appellant.   I. The 1st charge of the Court was erroneous. (1 Greenl. on Ev. p. 144.)

II. The 2d charge of the Court was erroneous. (12 Tex. R. 427.)   The legal effect of the instrument from Emerson to Izard was that of a deed of conveyance.

III. Even, if we regard the instrument executed by Emerson as a bond for title, the 3d charge of the Court was erroneous.

If this be not one of those stale demands which can receive no favor from a Court of justice, we are at a loss to know where to find one. (13 Tex. R. 484, 458, 462; Id. 463, 464; De Cordova v. Smith, 14 Id.; 9 Id. 148.)

The presumption of payment of the note after the lapse of 14 years from its maturity was, under the circumstances of this case, a conclusive presumption.   And even if it were only a *prima facie* presumption, it was for the jury, not the Court, to say whether the bare possession of the note by Emerson was sufficient to rebut that presumption.

*S. S. Munger* and *W. G. Webb,* for appellee.   I. The language of the bond cannot be misunderstood.   It provides that " if the said John Izard shall pay or cause to be paid unto H. Emerson, or his agent, the above mentioned note, within twelve months from the date of said note, then this article of agreement shall remain in full force and virtue, otherwise shall be null and void."

Not content with leaving the law to annul the contract if the money was not paid, the parties determined that there should be no misunderstanding, and provided in express terms for its nullity upon a failure to pay; and the only question is, Was there a failure? The note itself was produced, and of course it was the very best evidence. The Court charged that the lapse of time raised the presumption of payment. This charge was erroneous, for in stale demands for title, the law presumes the contrary, and that they have waived or settled their rights. (De Cordova v. Smith, 9 Tex. R. 129; Smith v. Hampton, 13 Id. 464; De Witt v. Miller, 9 Id. 239; 4 Pet. R. 311; 8 Cranch, 471; 3 Ves. R. 720; 14 Pet. 173; 2 Story, Eq. Sec. 750, 769, 771.) The charge therefore was much too favorable for the defendant; but tempered, as it was, by the qualification that the presumption might be rebutted by the possession of the note, it did no harm.

It was too evident that the defendant had slumbered too long, and that the bond had become a nullity. (Browning v. Estes, 3 Tex. R. 462 and 11 Id. 237; Leander v. Rounsaville, 12 Id. 195; 6 Id. 84; Whiteman v. Castlebury, 8 Id. 441; 1 Howard, 56; 4 Id. 225; 4 Tex. R. 471; 13 Id. 128; 9 Id. 372; 3 Pet. 44; 5 Yerg. 398; 1 Mad. Ch. 305; 10 Pet. 525.)

II. There was a total failure to show a judgment to support the execution; a failure to prove its existence or loss, and no attempt to prove its contents.

ROBERTS, J. This suit, of trespass to try title, was instituted in 1856. The plaintiff, Emerson, claimed the land by regular chain of title down to himself. Defendant, Walker, claimed the same under a bond for title from Emerson to Izard, executed in 1841; a sale of it as Izard's property, in 1844, under execution; and other conveyances down to Walker. It was shown that Izard went into possession and made improvements on the land, upon making the purchase; and that it has generally been occupied, though perhaps not constantly, by those holding under Izard's bond, and never in the possession of Emerson, up to the time of the commencement of the action. Izard's bond shows that a part of the purchase money was paid, and that a part remained unpaid, at the time of the purchase, to wit: A note of one hundred and sixty-five dollars, payable in twelve months from the 28th September, 1841. Upon the trial, Emerson produced this note, and gave it in evidence. The execution, under

which the land was sold, recited a judgment against Izard, by a Justice of the Peace; but the docket, kept by said Justice, could not be found, after diligent search, and therefore the judgment could not be produced and given in evidence. To obviate this difficulty in the title, Izard executed to Walker a deed of release to the land in October, 1856, a few days before the trial, and which was offered in evidence by Walker, and upon objection by Emerson it was excluded by the Court.

The Court charged the jury (1st) " that to make out title under a sale by virtue of an execution, both the judgment and the execution must be in evidence, and the executions are no evidence of the existence of a judgment; and unless the judgment, by virtue of which the executions issued, is shown in evidence, the executions and the Sheriff's deed amount to nothing as links in a chain of title."

This charge is correct as a general rule, and particularly with reference to judgments in a Court of record. But with reference to the facts of this case, it was erroneous in this, that it precluded the jury from inferring the existence of a Justice's judgment, shown by several executions, to have been rendered over ten years before the trial; it being shown that the Justice's docket had been lost, after most diligent search, and it being shown that Walker had put tenants in possession and otherwise occupied, used and claimed the land under this execution sale, for nearly ten years; Izard setting up no claim thereto in the mean time. Under these circumstances, it was a natural presumption, not at all remote, that such a judgment, as that recited in the execution, really did exist, and therefore it should have been left to the jury as a fact to be determined by them, whether it did or not. (1 Greenl. on Ev. Sec. 46-7-8.)

In this connection it may be remarked, that it is not perceived upon what ground the Court rejected the deed from Izard to Walker; which was evidently designed to cure this apparent defect in his title. No ground of objection is assigned, nor does any appear. Under a general plea of not guilty, as pleaded in this case, it would seem reasonable that the defendant would have the right to fortify and cure the defects of the title under which he held when sued, by any releases and conveyances which he could obtain at any time before the trial.

Another charge, given by the Court, was (2d,) "Where a party receives a bond for title, conditioned that he shall pay money at a particular time, he has no title until he pays the

money; and if he has paid a part of the purchase money in advance, and fails to pay the balance according to the stipulations of the bond, he forfeits what has been already paid."

The jury would most reasonably understand this charge to mean, that the failure of Izard to pay the purchase money when it became due, of itself put an end to his right, and that thenceforward he had no sort of right that he could transmit by sale. Indeed another part of the charge shows that this was the view taken by the Court below. The true position on that subject is, that the failure to pay the purchase money, when due, gave Emerson the alternative option, to sue on the note and subject the land, and other property, to its payment; or to bring a suit for the land, by which he could have ejected Izard from it, unless, perhaps, Izard should bring the money into Court, and claim a specific performance of the contract, not having repudiated it otherwise than by failure in point of time of payment. (Estes v. Browning, 11 Tex. R. 246; Hill v. Still, 19 Id. 76; 2 Story, Eq. Ju. Sec. 776–5.) The failure to pay the purchase money did not, of itself, annul the contract; but it gave Emerson, with certain equitable contingencies, the right to do so. He could waive this right, and let the contract stand.

A question here arises whether or not, by his failure to assert this right and repudiate the contract by reselling the land, or by suit, or otherwise, for about fourteen years, Izard and Walker being in possession of the land, using and enjoying it during that time, is not a waiver of his right so as to bar an action to recover the land? (Hill v. Still, above cited.) By analogy to any statute of limitations, which we have in this State, his right of action would be barred in ten years, at furthest, after the default of Izard. If the possession of Izard and Walker was not adverse and continuous for ten years, then this rule might not prevail so as to bar Emerson's right of entry and of suit.

It does not follow from this, that Walker could enforce a specific performance of the contract and obtain a title, in accordance with the bond, without payment of the purchase money in full. For it may happen that the laches of both parties may be so great, that a Court of equity would relieve neither of the parties. (2 Story, Eq. Ju. Sec. 734.) Apart, however, from any question of limitation by analogy, in relation to this subject, we think it was erroneous to instruct the jury that the failure to pay by Izard, absolutely and of itself, put an end to the contract.

The Court also charged the jury, (3d,) that upon Emerson

producing the note, the presumption of payment, from the lapse of time, was rebutted, and its payment must be proven by other evidence.

The fact of whether or not the note was paid was a question for the jury, and lapse of time, so long as fourteen years, was a circumstance which should have been left to the jury in determining it, notwithstanding the note was produced by Emerson. (1 Greenleaf, p. 49, Sec. 39.)

Other questions in the case need not be considered.

Judgment reversed and cause remanded.

Reversed and remanded.

Wheeler, J., did not sit in this case.