George Hild v. Ernst Linne and F. G. Schmidt.

1. Specific performance—Limitation.—A bond was executed December, 1856, for title, to be made on the payment of the balance of the purchase-money; suit was brought by the holder of the bond September 1, 1870, against the vendor and a purchaser with notice, to enforce specific performance, the plaintiff offering to pay the balance of the purchase-money and interest due: *Held*, That such demand was not stale nor barred by limitation.

2. Same.—Where time is not of the essence of a contract for the sale of land, mere delay in the payment of the purchase-money will not annul the contract, and the vendor, without demand and notice, cannot repudiate the contract or dispossess the vendee.

Appeal from Guadalupe. Tried below before the Hon. J. P. Richardson.

*L. J. Storey,* for appellant.

*John Ireland,* for appellees, cited 20 How., 235; 17 How., 340; 13 Tex., 490; 9 Tex., 144; Lead. Cases in Eq., 87.

Moore, Associate Justice.—On the 1st of September, 1870, the appellant brought suit against appellees to recover possession of six and a half acres of land, and to enforce the specific performance of a contract entered into in December, 1856, by appellee Schmidt, with Fredrick Newman, for the sale of said land to said Newman, at the price of thirteen dollars, four dollars of which was paid in cash, and the remainder to be paid at a subsequent day.

To the petition and amended petitions the appellees interposed a general demurrer, which was sustained by the court, and appellant declining to amend, his suit was dismissed.

From the argument of counsel, we suppose the demurrer must have been sustained upon the ground that appellant's action was a stale demand and barred by limitation, or that no cause of action was shown by the petition, because it was not alleged that appellant had performed his part of the contract, and had demanded the title before bringing suit. Upon

neither of these propositions can the judgment of the District Court, in our opinion, be sustained.

Schmidt stipulates in his bond to put the title to himself on record as soon as it could conveniently be done, and then to make title to Newman, on payment of the balance of the purchase-money, but no definite time is designated in the bond for its payment. The inference is, that Newman was placed in possession of the land, and held it until his sale and assignment of the bond to appellant, September 24, 1859, who, as we must infer from the petition, remained in undisturbed possession of it until 1869, after the sale by Schmidt to Linne. Conceding that the unpaid purchase-money was due on demand, it cannot certainly be insisted that the vendor could repudiate the contract, or enter and dispossess the vendee, when time is not of its essence, without a demand for payment, and without giving the vendee notice of his intention to annul the contract unless the purchase-money still due was promptly paid. (Scarborough *v.* Arrant, 25 Tex., 135.) The vendor and vendee, under an executory contract for the sale of land, so long as they manifest no intention to refuse to perform the contract, occupy a trust relation to each other. (4 Tex., 167.) And had the vendor brought suit for the land, instead of selling it to another, the vendee, not having repudiated the contract otherwise than by delay in payment of purchase-money, could, it seems, bring the money into court and claim a specific performance of the contract. (Walker *v.* Emerson, 20 Tex., 706.) Although there may have been much greater delay than there was in this case, if we leave out of consideration the time during which, as has been decided by this court, the statute did not run, the failure to pay the purchase-money does not of itself annul the contract, but merely gives to the vendor the right, subject to certain equitable contingencies, to annul it. Surely, then, if the vendee may have specific performance on paying the purchase-money, when the vendor is attempting to annul the contract by suit for recovery of the land, he is in no worse

condition on being forcibly ejected by the vendor, or a purchaser from him, without a demand for its payment being made. If the vendee has been guilty of gross laches or inexcusable negligence, or if the rights of the parties have undergone any material change by his delay, the court will unquestionably refuse a decree for performance. But where nothing of this sort appears, and the vendee has been placed in possession, has paid nearly half of the purchase-money, recognizing at all times his liability for the remainder on demand, and the vendor, without notice of his intention, sells the land to one who is fully cognizant of the facts, and only sought to acquire it by purchase from the vendor after the vendee had absolutely declined to sell or part with it, unquestionably it cannot be said that the lapse of less than four years, during which the statute of limitations was in force, warrants the court in sustaining a general demurrer to an action for specific performance, on the ground of limitation or staleness of the demand.

As a general rule, no doubt, a party who brings an action for specific performance should aver a performance of all the stipulations of the contract on his part, and also allege a demand of performance by the other party. But when it plainly appears, as in this case, that the contract has been repudiated, it cannot be said that such averments are absolutely essential. Under such circumstances, if the plaintiff brings into court and tenders the balance of principal and interest due on the contract, and it appears that this is the only particular in which he is in default, it is sufficient. (17 How., 340.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.