HOUSTON CITY R. R. CO. v. JACKSON MARTIN.

(February 12, 1880.)

TRESPASS UPON REALTY — EVIDENCE — DECREE OF COURT, HOW PROVEN. — The proper evidence of a decree of court is a copy from the records of that court duly authenticated. Articles 4710 and 5023, Paschal's Digest, simply require that a copy of the decree of a court, affecting the title to land, shall be recorded in the county in which the land lies, before it can be admitted in evidence; but they do not provide that a copy of that record shall be evidence.

APPEAL from Harris county.   Opinion by QUINAN, J.

STATEMENT. — Martin sued the railway company for damages sustained by the building of their road on his property, fractional lot 267, in the city of Houston. The railway company pleaded not guilty; that the ground occupied by their road had been a public street or highway for forty years; that the city of Houston had granted the company the right to build its road thereon.

The cause was submitted to the judge, who rendered judgment for the plaintiff for $500 damages, and that upon payment of said sum the title to the fractional block 267 be vested in the defendant. The motion for a new trial was overruled and defendant has brought this writ of error.

The errors assigned upon which the railway company rely are as follows: 1. That the court erred in overruling defendant's objections to the introduction, by plaintiff, of the proceedings of the probate court of Brazoria county, decreeing Mrs. E. E. Parrot to be the sole heir of John

Austin; 2, that the court erred in rendering the judgment that was rendered, there being no such issue in the pleadings; 3, that there was not sufficient evidence to establish the judgment of Henderson v. Allen, to support the sheriff's deed to Johnson; 4, the insufficiency of the evidence to support the judgment.

The chain of title to the property sought to be established by the plaintiff below was as follows: 1. The grant from the government to John Austin. 2. The heirship of Mrs. E. E. Parrot, his widow. 3. Mrs. Parrot's deed, with her husband, to A. C. and J. K. Allen. 4. Heirship of Rowland and Sallie Allen to J. K. Allen. 5. Their deed to A. C. Allen. 6. Deed from sheriff of Harris county to Johnston upon sale of the property under execution upon judgments against N. C. Allen. 7. Deed from Johnston to Martin, the plaintiff.

There was an agreement between the attorneys of the parties respecting the introduction of testimony in these words: "It is agreed in this case that each party may introduce, on the trial, the books of record of such deeds as they may desire, to deraign title to the property in controversy, and that notice of the filing of any deeds or muniments of title is hereby waived, subject to such legal exceptions as the originals or certified copies would be subject to if introduced."

The statement of facts recites: "Under the agreement on file in said case, made by the attorneys of the parties, the plaintiff read in evidence from the records of Harris county the following instrument, in writing, to wit: Certified copy of petition of T. F. L. and Elizabeth Parrot and decree of the probate court of Brazoria county, Texas, declaring Elizabeth Parrot the only heir of John Austin, with all the certificates thereto," etc.

It is shown by a bill of exceptions that when this record was offered in evidence the defendant excepted upon the ground: "Because the proceedings of said court, so offered, only purported to be a copy of a copy of the proceedings

had in the probate court of Brazoria county, and was not a certified copy of the original judgment and proceedings as by law required."

The objection was overruled and the document read. The judge appended to the bill of exceptions, signed by him, this statement: "The plaintiff having introduced proof, the city of Houston, by ordinances, established the San Phillippe street and license to defendant to run its line over the same, and plaintiff also introduced maps of the city of Houston, whereby it appears that the only right the city has is by dedication from A. C. and J. K. Allen, the founders of the city of Houston; it is wholly unnecessary to go back of the title to said Allens.                     JAMES MASTERSON, Judge."

OPINION.— We are of opinion that the court erred in overruling the exception of the defendant to the reading of the record of the copy of the decree of the probate court of Brazoria. It is certainly not within the terms of the agreement made between the parties. It is not a deed; it is but the copy in the record of the copy of the records of Brazoria county probate court. The decree of the probate court constituting Mrs. Parrot heir of John Austin was a necessary link in the plaintiff's chain of title, and the proper evidence of that decree was a copy from the records of that court duly authenticated. We cannot extend the terms of the agreement between the counsel of the parties beyond the plain meaning of language which they have adopted to express them, for that would be, in fact, to make a new agreement for them. Nor do we find that the statement made by the judge, giving his reasons for admitting the instrument, is sustained by the record. There was no proof, so far as the pleadings or the statement of facts discloses, that the Allens were the founders of the city of Houston, nor was the original map of the city in evidence. There is in the record simply a sketch of a survey made in 1853 of a few blocks of ground, including the fractional block 267, but nothing whatever to indicate the dedication of any streets or ways to the city by the Allens or any one else.

It is insisted that under articles 4710 and 5023, Paschal's Digest, a copy of the record was admissible.  These sections simply require that a copy of the decree of the court affecting the title to land shall be recorded in the county in which the land lies before it can be admitted in evidence, but they do not provide that a copy of that record shall be evidence.

The plaintiff also insists that without proof of the decree of the probate court of Brazoria "there is still a chain of title under the sovereignty of the soil," by virtue of the deed from Parrot and wife to A. C. and J. K. Allen, because "in August, 1836, Mrs. Parrot applied to the judge of the district of Brazos in a written petition in which she represents that she was seized and possessed, by inheritance, of a certain half league of land . . . granted to John Austin, and she prayed permission to sell it."  She sets out what she had been offered for it, the terms of payment, and the necessity she was under to sell it, as she had plenty of land but no servants to work it.  Upon this the judge makes an order, that having read and examined the foregoing petition, and being satisfied of the facts therein contained, authorizes her to sell and convey the land.

The answer to this proposition is:

1. That the order of the judge does not profess to determine the question whether Mrs. Parrot was the heir of John Austin.

2. That he had no authority in this matter to do so.

3. That it only proposes to approve her sale of the land, for which purpose the authorization of a judge seems to have been thought proper, as she was a married woman. Const. of the Republic, art. 4; Acts of the Consultation, 136.

The appellant has assigned for error that there was not sufficient evidence to establish the judgments of Henderson and Allen to support the sheriff's deed to Johnston.  This was a question for the court to determine upon the testimony, and we cannot say that it erred in concluding the proof to be sufficient.  There was an affidavit filed of the destruction or loss of the dockets of Anders, the justice of the peace before whom, in 1857, the judgments were al-

leged to be rendered, and of the fact that the judgments and executions had existed, and that diligent search had been made for them without success. It was proven that William Anders was a justice of the peace in Houston in the year 1857, and in October, 1857; that Henderson during that year recovered judgments before said justice of the peace against A. C. Allen; that executions issued upon said judgments and were levied upon the property in question by the sheriff of Harris county as the property of Allen; that it was sold under said executions, and that John Johnston became the purchaser; that the sheriff executed to Johnston a deed for the property which recites particularly the judgments and executions; that the property has been claimed. under said sale for twenty years without question. Now, although the recitals in the sheriff's deed may not establish the existence of the judgments and executions, yet his conveyance, with the other facts in the case, taken all together, may well "be considered as raising a natural presumption, not at all remote," of the existence of the judgments and executions, their contents and character, sufficient to support the title to the property in the minds of the court or jury to which the facts are submitted.

In Walker v. Emerson, where the the court instructed the jury that, "unless the judgment by virtue of which the executions issued is shown in evidence, the executions and the sheriff's deed amount to nothing in a chain of title," Roberts, C. J., says: "This charge is correct as a general rule. But with reference to the facts of this case it was erroneous in this, that it precluded the jury from inferring the existence of a justice's judgment, shown by several executions to have been rendered over ten years before the trial, it being shown that the justice's docket had been lost, and that the land claimed had been used and claimed for ten years under the execution sale," etc. Under these circumstances it was a natural presumption, not at all remote, that such a judgment as that recited in the execution did really exist, and therefore it should have been left to

the jury as a fact to be determined by them whether it did or not. 20 Tex., 710.

And in Leland v. Wilson, 34 Tex., 91, the court say: "Following the authority of Watrous v. McGrew, 16 Tex., 506, and Stroud v. Springfield, 28 Tex., 649, we might presume much in favor of this deed on account of its antiquity (a sheriff's deed); perhaps we are bound to presume the judgments and the executions recited in the deed."

The present case was much stronger than those cited. Here we have direct testimony that the judgments and executions did exist, and to the sale of the property levied on under them.

The objection to the judgment as not responsive to the issues made in the pleadings, though certainly true in fact, is not one whereof the plaintiff in error here can complain. It cannot be heard to object that the judgment vests in it the title to the land for the trespass whereon it is sued.

The remaining assignment of error relied on it is not necessary to discuss. The questions presented are purely questions as to the sufficiency of the evidence, which may or may not arise upon another trial.

For the error in admitting the record of a copy of a decree of the probate court of Brazoria county the cause will be reversed and remanded.