McCULLOCH v. NICHOLSON et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 11, 1913. Rehearing Denied Jan. 8, 1914.)

1. HUSBAND AND WIFE (§ 262*)—COMMUNITY OR SEPARATE PROPERTY—PRESUMPTIONS.

Where a deed in favor of a husband and wife recited the payment of money for the land, that the grantor was the father of the wife would not destroy the presumption that the payment was made out of community funds and raise a presumption that the property belonged to the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

2. ADVERSE POSSESSION (§ 63*)—POSSESSION OF PURCHASER.

The possession of a purchaser of land, who is admitted under the contract, is not adverse to his vendor unless he repudiates the trust relation by claiming to hold the land adverse to his vendor, and brings the knowledge of his repudiation home to his vendor.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 333–357; Dec. Dig. § 63.*]

3. ADVERSE POSSESSION (§ 115*)—EVIDENCE—JURY QUESTION.

In trespass to try title, where defendant had gone into possession under a contract of purchase, the question of defendant's repudiation of the contract and adverse holding *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 314, 691–701; Dec. Dig. § 115.*]

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Action by T. C. McCulloch against W. S. Nicholson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

By his first amended original petition appellant sought to recover on certain notes and to foreclose a vendor's lien on the land described, and in the alternative in trespass to try title to the land, alleging that he was the owner and holder of the superior title. Appellees answered by denial, plea of four years' limitation as against the recovery on the notes and the foreclosure of the lien, and plea of not guilty, offer of the performance of the original contract of sale as made, and the repudiation and denial of the original contract of sale, plea of limitation of ten years based on disavowal of title of the vendors, and the statute of ten years' limitation independent of the repudiation of the title of Garrison. As no other plea but limitation was submitted to the jury, other pleas of defense are not material to be stated.

The court instructed the jury to return a verdict for appellant for title and possession unless the jury should find for appellees upon their plea of statute of ten years' limitation. There was no other issue submitted to the jury. The jury rendered a verdict for appellees.

The evidence establishes the facts that on November 1, 1883, appellee W. S. Nicholson bought about 90 acres of land from H. A. Garrison and wife, agreeing to pay therefor a total of 20 bales of cotton in four installments of five bales of cotton in the fall of each succeeding year, commencing with the fall of 1884, and evidenced by four notes. H. A. Garrison and wife executed a bond for title to W. S. Nicholson, in which it was agreed to make conveyance to Nicholson upon the payment of the purchase price; the superior title to remain in Garrison and wife until the purchase price was fully paid. On February 24, 1911, Garrison transferred to appellant for a valuable consideration the last three of the notes mentioned, together with such lien and title as remained in the Garrisons. At the time of the transfer of the notes, and at the time of filing the suit, the notes were barred by limitation of four years, and there was no agreement to renew. According to evidence offered by appellee, W. S. Nicholson paid on these three last notes in 1885, 1886, and 1887, and in 1889 tendered to Mr. Garrison seven bales of cotton, agreed by the parties to be the balance of the cotton due, which Garrison refused because of the low price of cotton at the time. After Mr. Garrison refused the cotton, appellee Nicholson demanded a deed, which was not given, and appellee then and there stated to Mr. Garrison that he considered that he had performed his terms of contract, and that he was not going to perform the contract of sale any longer, and that he was going to hold the land as his own from that time on independent of any claim of Garrison's. The evidence warrants the finding that appellee W. S. Nicholson in 1889 repudiated and abrogated the contract of sale of H. A. Garrison and wife, and so notified H. A. Garrison at the time, and that from that date for more than ten years continuously thereafter he has had and held peaceable and adverse possession, cultivating, using, and enjoying and claiming the land as his own publicly and within Mr. Garrison's knowledge. The evidence warrants the further finding that the appellee Nicholson never after repudiation in 1889 revived the contract or promised thereafter to pay on same.

D. Thornton and T. C. McCulloch, both of Sulphur Springs, for appellant. C. E. Sheppard and B. W. Foster, both of Sulphur Springs, for appellees.

LEVY, J. (after stating the facts as above). By the sixteenth assignment, first considered, error is predicated upon the portion of the

---

charge authorizing a verdict for appellees upon the finding by the jury upon the evidence: (1) That there was a denial and repudiation by W. S. Nicholson of the contract of sale from H. A. Garrison and wife to him as made in 1883; and (2) that Nicholson notified Garrison that he denied and repudiated the contract of sale; and (3) that thereafter for more than ten years continuously before the bringing of this suit Nicholson, claiming to have absolute ownership of the land, had and held peaceable and adverse possession, using, cultivating, and enjoying the same. Appellant contends that the charge is error upon the grounds: (1) That Nicholson having gone into possession of the land under an executory contract of sale from Garrison and wife, and not having paid the purchase money therefor, he could not dispute the possession or title of the Garrisons and hold adversely; and (2) that the evidence does not show that Mrs. Garrison was notified by Nicholson that he had repudiated the contract of sale.

[1] In respect to the second point of objection made to the charge, it must be said that it was not error for the court to limit notice of repudiation of the contract of sale to the husband; for it does not appear from the record that the property was the separate property of Mrs. Garrison, as assumed by the objection. It appears from the record that on March 8, 1876, W. Fore deeded the land in suit to "Susan C. Garrison and H. A. Garrison" in consideration "of the sum of $500.00 to me paid by Susan C. Garrison and H. A. Garrison." It further appears that the grantor, Fore, was the father of Mrs. Garrison, and that he was the owner of the property at the time of the conveyance. And it appears that Mr. and Mrs. Garrison were married in 1876. There are no other facts, but the above, from which to determine the legal status of the property. The deed reciting a payment of money for the land during marriage, the legal presumption, in the absence of other facts, would prevail that the property was purchased with community funds. And the bare fact alone that the grantor, Fore, was the father of Mrs. Garrison, would not be sufficient to overcome or negative the presumption of payment with community funds.

[2] In respect to the first point of objection made to the charge, it is believed that the doctrine is well established that, as charged by the court, the possession of the vendee is not adverse to his vendor, unless the vendee within the knowledge of his vendor repudiates the trust relation and claims to hold the land in opposition to the claim of superior title on the part of his vendor. Howard v. McKenzie, 54 Tex. at p. 187; Smith v. Pate, 91 Tex. 596, 45 S. W. 6; Burnett v. Attebury, 145 S. W. 582.

162 S.W.—28

[3] And if the assignment by intendment means that the evidence fails to make an issue of repudiation and adverse claim, it must be overruled also on that ground. The facts testified to by Nicholson are, in substance, that he executed four notes calling for payment in twenty bales of cotton, and that he delivered cotton and syrup and the proceeds of the sale of three acres of the land to Mr. Garrison, all of which was applied on his contract of purchase; that appellee was ignorant and could neither read nor write; and that Mr. Garrison figured up the balance that was due in full on the contract and stated it as seven bales of cotton. Appellee then tendered the seven bales of cotton in a very short time afterwards to Mr. Garrison, and Mr. Garrison would not take the cotton because the price was so low in the market. Appellee then told Mr. Garrison that he had complied with the contract and had offered to him the full payment in cotton, and that he was not going to hold under the claim any longer, and that in the future he was going to claim the land independent of him or any one else and regardless of him or any one else. Later appellee caused a letter to be mailed to Mr. Garrison, stating that, as Mr. Garrison had failed to accept settlement and make a deed, appellee from that time claimed "adversely to him and the whole world." It is not disputed that appellee occupied the land for more than ten years, publicly claiming it, within Mr. Garrison's knowledge. The testimony of Mr. Garrison was not taken in the case, and it does not appear that Mr. Garrison ever at any time further demanded payment or sought to enforce any rights under the contract or for the land after 1889. Thus it would reasonably appear that appellee had offered the cotton in full settlement of the balance owing on the contract, and that Mr. Garrison had refused it and refused the demand to make deed. It could be concluded, we think, that because there was a failure and refusal to further perform the terms of contract on the vendor's part, appellee Nicholson had repudiated the contract and refused to further pay or offer to pay on the contract, and that the vendor himself knew appellee had repudiated the terms of contract. The evidence further tends to show that Mr. Garrison had so acquiesced in appellee's repudiation as to constitute mutual rescission. An issue for the jury of repudiation and adverse possession was made by the evidence.

We have considered all the remaining assignments, and think there is no error presented warranting a reversal of the judgment.

The judgment is affirmed.