Eliza Williams et al. v. M. Ellingsworth.

No. 2675.

1. **Sale of Wife's Separate Property.**—Where the husband and wife join in a deed for the separate property of the wife, and the wife's privy and separate acknowledgment is taken by an officer authorized by law to take it, the title to the property passes to the purchaser. That the officer may fail to make a perfect certificate of such privy acknowledgment does not destroy the title of the purchaser, and an action can be maintained by the purchaser to correct and supply the defects in the officer's certificate.

2.   **Same—Facts.**—See facts which fail to show that the acknowledgment was in fact such as prescribed by the law.

3.   **Description of Land in Deed.**—After the death of the husband the widow joined with others in a release to the purchaser under the defective deed. This deed was a release of subdivision No. 4 of the survey, of which also No. 5 formed a part, which survey No. 5 had been conveyed by her and her husband by the defective conveyance. The deed of release gave field notes which seemed to include the land in No. 5, but the subdivisions Nos. 3, 4, and 5, about the lines of which there seems to have been contention, were not shown. *Held*, that such deed of release did not cure the defective conveyance of subdivision No. 5, described only by its number in the defective deed.

APPEAL from Tarrant.    Tried below before Hon. R. E. Beckham.

No further statement is necessary to understand the opinion than that included in it.

*W. R. McLaury*, for appellants.—It is not the signature of a married woman to a deed which gives it validity, but the privy examination, the explanation of the contents and meaning of the deed to her, and her declaration to the officer that she wished not to retract the execution of such deed, which gives the deed force in law, and without which it is not her act and deed, and is void.   Rev. Stats., arts. 4310, 4313, 4353; Johnson v. Taylor, 60 Texas, 365, and cases cited; Johnson v. Bryan, 62 Texas, 623; Fitzgerald v. Turner, 43 Texas, 87; Cross v. Everts, 28 Texas, 524; Calhoun v. Patterson, 4 Texas, 62; Green v. Chandler, 25 Texas, 148; Nichols v. Gordon, 25 Texas Supp., 109; Ray v. Bremond, 22 Texas, 628; Good v. Zercher, 12 Ohio, 364; Perry v. Calhoun, 8 Humph., 556.

*Oliver S. Kennedy*, for appellee, discussed the facts.

HOBBY, JUDGE.—The appellee, M. Ellingsworth, on the 28th of December, 1887, sued the appellants, Eliza Williams and her minor daughters Annie and Minnie Williams, who are the heirs at law of Mrs. Sarah Sandford, for the purpose of establishing title in himself to the land described in the petition as lot No. 5, containing 465 acres of the Hays Covington survey.    He sought to correct and validate a deed executed by Abraham Sandford and his wife Sarah in March, 1880, conveying her separate property, and the certificate of acknowledgment to which was defective under the statute of this State regulating such certificates to the conveyances of separate property of married women.    Appellee also contends that if said deed was void by reason of said defective certificate it was corrected by a valid conveyance subsequently executed in November, 1885, by said Sarah Sandford, who was then a widow, and under whom appellee claims.

The defense made by the heirs, the appellants, is that the first deed was void by reason of the fact that the certificate of acknowledgment

thereto failing to state that Mrs. Sandford, who was a married woman, had been examined privily and apart from her husband, and further failed to set forth that the contents of the instrument were explained to her by the officer, and that it did not disclose that she wished not to retract it. The appellants also deny that the deed of November, 1885, executed when Mrs. Sandford was a widow, embraced or was intended to embrace the land described in plaintiff's petition.

The case presenting these issues was tried by the court without a jury. Judgment was rendered for the appellee, and it is now before us for review.

The material questions presented on this appeal, we think, are: Whether under all the facts of the case the deed of March, 1880, signed and acknowledged by Mrs. Sandford, conveyed the land to M. H. Pressley, appellee's alleged vendor, it being her separate property, she being then a married woman, and the certificate of acknowledgment being fatally defective, as before indicated. If this be answered in the negative, the next question presented is, did the deed of November, 1885, which was executed by Mrs. Sandford, when a widow, and which, it is claimed by the appellee, was executed for the purpose of correcting the defective instrument of March, 1880, convey the lot 5, containing 465 acres, the subject matter of this suit? That relief will be afforded in a proper case where the certificate of acknowledgment to the conveyance by a married woman of her separate estate is defective, and the facts authorize the officer to make a complete and perfect certificate under the statute, is well settled in this State.

In the well considered case of Johnson v. Taylor, 60 Texas, 365, discussing this question, it was said that "equities of persons claiming under instruments executed by married women, but not properly acknowledged and certified, have been recognized and protected," citing Walton v. Rust, 22 Texas, 133, and Womack v. Womack, 8 Texas, 397.

In the case quoted from it was held that "while it is true that the statute must be complied with in order to pass title to a married woman's separate estate, it does not necessarily follow that if the deed be willingly executed by her and actually acknowledged as required by law before the proper officer, it is absolutely void simply because the officer has failed to make the proper certificate which the facts authorized." Under the operation of this doctrine there might have been a recovery by appellee based upon the deed of 1880 executed by Mrs. Sandford, although the certificate was, as we have seen, defective, had the evidence established satisfactorily the facts that she had made the declarations prescribed by statute and the official duties required of the notary in this connection had been performed.

The evidence in this case, however, failed to show a compliance with these essential requirements. The certificate of acknowledgment, while sufficient it seems from the evidence under the Illinois statute, is wholly

wanting in the requisites prescribed by that of this State; and especially is this so with reference to the defects in the certificate already mentioned. The testimony of the notary, Randolph Smith, is not more satisfactory upon this point, in so far as it attempts to show a compliance with our law, than are the recitals of the certificate. He merely stated that "all the certificate set forth could be relied on as true; that he usually asked the parties executing a deed if they understood the nature of the instrument signed, and was it their free act," etc.

Pressley testified that "Mrs. Sandford proposed to sell the land to him, and he accepted the proposition; that he did not remember what was said at the execution of the deed of 1880; that he paid for the land, and everybody thought it was legal," etc. The certificate recited that the grantors "appeared before me this day in person and acknowledged that they signed, sealed, and delivered the said instrument as their free and voluntary act, for the use and purposes therein set forth, including the release and waiver of the right of homestead."

It requires nothing more than a statement of the foregoing evidence to show that the certificate was defective under our statute, and that there were no facts authorizing the officer to make such certificate as the law prescribed. It does not appear that she was examined privily and apart from her husband, nor that it was explained to her, nor that she declared that she wished not to retract it.

It is argued by the appellee that the appellants are estopped by the acts and conduct of Mrs. Sandford, under whom they claim as heirs. But the evidence does not disclose such facts as would constitute an estoppel against her heirs by reason of any misrepresentations or acts on her part, relied and acted on by appellee so as to operate as a fraud, in event of a recovery by appellants. She proposed to, and did sell the land to Pressley, received the purchase money, expressed herself as satisfied with the sale, and permitted appellee to take possession and erect valuable improvements thereon, and pay taxes since 1880. But no material facts were suppressed nor false representations made by her to induce the purchase. Johnson v. Bryan, 62 Texas, 625.

The evidence, outside of the deed of 1885, is very meager. Without further proof to identify the description in the deed of November, 1885, with lot No. 5, we are unable to say that the court's finding on that subject is correct. The relative positions of lots 3, 4, and 5 and the Cresswell survey should be shown.

We think also that more satisfactory proof should be made of title in appellee, M. Ellingsworth, from his vendor, Pressley, than appears in the record.

We think the judgment should be reversed, and the cause remanded.

*Reversed and remanded.*

Adopted December 17, 1889.