## A. B. NORTON v. FRANCES A. DAVIS.

### No. 3451.

1. **Wife may Sue for Recovery of Her Separate Property.**—The wife may sue alone when the land sued for is shown to be her separate property, and it appears that the husband had abandoned her and had neglected to sue.

2. **Practice.** — Interrogatories were propounded to the plaintiff. To one of the questions the answer was apparently evasive. It was ordered by the court that the question be taken as confessed. The depositions of plaintiff were subsequently taken and her attention directed to her former evasive answer. Touching it she stated: "I did not purposely evade any of the interrogatories propounded to me by A. B. Norton. I tried to answer those interrogatories fully and truthfully to the best of my ability. There were so many of them and so much sameness in them I really did not know what they wanted me to answer. Judge Norton was present, and he did not complain of my not answering." The court, considering this a reasonable excuse, properly set aside the order taking the question as confessed.

3. **Privy Acknowledgment of Wife.** — The failure of the certificate of privy acknowledgment to state that "she does not wish to retract it" is supplied by the equivalent words, "that she still voluntarily assents thereto."

4. **Same.**—A certificate of privy acknowledgment is defective which fails to show that the officer fully explained to her the contents of the instrument.

5. **Fact Case.**—See testimony which fails to show that the deed was explained to the maker, a married woman, by the officer taking her privy acknowledgment.

6. **Limitation.**—The statute of limitations of four years is a bar to the correction of a mistake in the certificate of privy acknowledgment. The vendee is charged with notice of the defect upon the delivery of the deed.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE.

The opinion contains a statement save as to facts given in paragraph 2 of syllabus.

*Word & Charlton* and *Mathews & Neyland,* for appellant.—1. A party to a suit who evades an interrogatory propounded by opposite party, under the statute, without notice, can not avoid the effect of the evasion by having her attorneys, after the court adjudges it confessed, to repeat the evaded and confessed interrogatory, and by answering said interrogatory in a distant State from where suit is pending, and making a different and fuller answer. Rev. Stats., art 2243.

2. When a wife, having a husband, sues alone for her separate property, she must allege and prove that her husband fails and neglects to sue. Rev. Stats., art. 1204; McIntire v. Chappell, 2 Texas, 379, 380.

3. The court should have submitted to the jury whether the acknowledgment was properly taken so as to pass life-estate in the land sued for, because plaintiff's own testimony and admissions showed that the deed was explained to her, and her acknowledgment was properly taken so as to pass all the title she thought she in law could sell, and she thought that was a life-estate. The defendant in his cross-bill and

answer asked that the certificate of acknowledgment of Mrs. Davis and the deed from Davis and wife be corrected so as to convey a life-estate, if the evidence established that kind of case, and the evidence tended to support that phase of the case and ought to have been submitted to the jury.

Counsel also cited Rev. Stats., arts. 2243, 4310; Bounds v. Little, 75 Texas, 317; Teas v. McDonald, 13 Texas, 355; Mortgage Co. v. Norton, 71 Texas, 688; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 405; Davie v. Terrill, 63 Texas, 107; Angier v. Coward, 79 Texas, 553; Johnson v. Taylor, 60 Texas, 369; 59 Texas, 127; 17 Wall., 663.

*Cobb & Avery,* for appellee.—1. Where the evasion or failure to answer an interrogatory by a party to a suit is not deliberate nor by intention, but by inadvertence or failure to understand the full import of the interrogatory, and complete answer thereto is made before the trial and filed among the papers of the cause for use by the opposite party, the interrogatory should not be taken as confessed. Bounds v. Little, 75 Texas, 316.

2. Where a husband abandons his wife and lives separate from her for a number of years (nine or ten in this case), during which time he contributes nothing to her support and the support of her children begotten by him, in consequence of which she has by her own exertions to support herself and children and to transact all business in her own name, she becomes invested with the capacity of a feme sole, and can maintain a suit for the recovery of her separate property without joining him as a party plaintiff. Rev. Stats., art. 1204; Wright v. Hays, 10 Texas, 135; Fullerton v. Doyle, 18 Texas, 13; Ryan v. Ryan, 61 Texas, 473; Cullers & Henry v. James, 66 Texas, 497; Davis v. Saladee, 57 Texas, 326; Kelley v. Whitmore, 41 Texas, 648; Clements v. Ewing, 71 Texas, 370; Nickerson v. Nickerson, 65 Texas, 281; Camp v. Camp, 18 Texas, 528.

3. A charge which instructs a verdict to be rendered for a party to a suit may properly be given when the uncontradicted evidence on all the issues involved clearly entitles him to such a verdict. Eason v. Eason, 61 Texas, 225; Grinnan v. Dean, 62 Texas, 220; Teal v. Terrell, 58 Texas, 261; Mitchell v. De Witt, 20 Texas, 294; Austin v. Talk, 20 Texas, 165; Hedgepeth v. Robertson, 18 Texas, 871; Lea v. Hernandez, 10 Texas, 137; Reid v. Reid, 11 Texas, 593; Bond v. Mallow, 17 Texas, 637.

4. The evidence to correct a certificate of acknowledgment should be full, complete, and satisfactory, establishing the mistake and alleged modification beyond a reasonable doubt. Johnson v. Taylor, 60 Texas, 369; Looney v. Adamson, 48 Texas, 619; Railway v. Shirley, 45 Texas, 377; 2 Pome. Eq. Jur., sec. 859; Adams' Eq., 7 ed., p. 171.

5.    An action .to correct a defective certificate of acknowledgment to a deed must be brought within four years next after the right to bring the same shall have accrued, and not afterward.    Rev. Stats., art. 3207; Phelan v. Wiley, 2 Ct. App. C. C., sec. 735.

FISHER, JUDGE, *Section B.*—This suit was instituted February 27, 1889, by appellee Frances A. Davis, against A. B. Norton, C. L. Jones, T. D. Isbell, M. C. Isbell, J. A. J. Franklin, J. N. Mills, R. Floyd, I. J. Holt, Thomas Jordan, Charley Wilson, Norris Wilson, A. W. Fondreu, and B. L. Manning.   She sued for an undivided one-half interest in 3085 acres of the Antonio Rodriguez survey, and alleged that the other undivided interest in said lands was owned by all of the defendants except Norton.

The suit was only a partition suit between plaintiff and all defendants except Norton, and as to A. B. Norton it was a trespass to try title for one-half of said land.   On motion of Norton the venue was changed to Hunt County, May 5, 1890.   January 5, 1890, Norton filed amended original answer for himself, and pleaded that plaintiff ought not to sue alone, but should be joined by her husband George L. Davis, and a general denial; also pleaded, that on the 7th day of March, 1873, Frances A. Davis, who is appellee in this cause, made, signed, executed, acknowledged, and delivered a deed of conveyance conveying all her right, title, and interest in and to the land sued for to A. B. Norton, who is the appellant in this cause; that said deed was also signed and acknowledged by George L. Davis, the husband of said Frances A. Davis; that the acknowledgment of Frances A. Davis to said deed was taken before S. P. Sherrill, in Lincolnton, North Carolina; that she was examined privily and apart from her husband, and the contents of said deed were fully explained to her by said officer, and that she made all acknowledgments and declarations required by the Texas laws; that said officer in his certificate of acknowledgment failed through inadvertence to recite all the facts, and did not evidence fully and formally all the facts and declarations as required by law.   Defendant Norton asked that the acknowledgment made by S. P. Sherrill be corrected, and that said certificate be adjudged and made to read properly and in accordance with law, just as it was really made and taken by said officer.

Defendant asked that he have judgment perpetuating the testimony that said separate acknowledgment of Frances A. Davis was properly made and taken, and prayed for special and equitable relief, and that he have judgment for the one-half interest in the land sued for; and if the proofs should show that Mrs. Davis' acknowledgment was taken and the deed explained to her by Sherrill so as to convey a life-estate only, then defendant asks a correction of the certificate and reformation of the deed as to said life-estate.   Defendant also pleaded three

and five years statutes of limitation, and suggestions of improvements in good faith.

The deed of Davis and wife and certificate of acknowledgment sought to be corrected were referred to and made a part of said plea.

Appellee by supplemental petition demurred to Norton's answer, and pleaded a general denial, and that the cross-action of Norton seeking to correct the certificate of acknowledgment was barred by the four years statute of limitation, and as to the pleas of limitation presented by Norton she pleaded coverture to defeat the operation of the statute.

Judgment was rendered in favor of appellee against Norton for 1642 acres of the land, and in favor of all the other defendants against appellee for 1442½ acres of land. Appellant Norton alone appeals.

There are several assignments of error presenting questions for our revision which we do not regard as errors committed by the trial court, and we will dispose of them by saying:

1. The court did not err in permitting appellee to sue alone without her husband being joined with her, as the evidence shows the lands to be her separate property, and that the husband had abandoned the wife and neglected to sue for the property. The court properly granted her permission to sue alone.

2. The court did not err in refusing to permit appellant to read interrogatory number 33 propounded to appellee by appellant as confessed. A reasonable explanation was given by appellee why she did not fully answer the interrogatory, and a full answer thereto was furnished appellant by appellee. We see. no abuse of the discretion of the court in this particular.

The important questions in the case are: 1. Did the court err in instructing the jury to return a verdict in favor of appellee against Norton, for the reason that he had failed to prove a compliance with the law in taking the separate acknowledgment of Mrs. Davis? 2. Is Norton's cross-action to have the certificate of acknowledgment corrected barred by the statute of limitation of four years?

The certificate of acknowledgment to the deed conveying the land to A. B. Norton and executed by appellee and husband is as follows:

"March 7, 1873.

"*The State of North Carolina, Lincoln County.*—Before me, S. P. Sherrill, judge of probate for Lincoln County, in the State of North Carolina, personally came Frances A. Davis, wife of George L. Davis, and acknowledged the due execution of the foregoing deed for the purposes therein specified, and thereupon the said Frances A. Davis, being by me privily examined, separately and apart from her said husband George L. Davis, declares that she executed the same freely, of her own will, and without any force, fear, or undue influence on the part of her said husband, and that she still voluntarily assents thereto, and

hereby relinquishes all rights of dower in said lands. Therefore, let the said deed, with the certificate, be registered.

[L. S.]                                   "S. P. SHERRILL,
          "Clerk Superior Court and Judge of Probate."

It will be seen that the certificate of acknowledgment fails to state that the officer taking the acknowledgment fully explained to Mrs. Davis the instrument executed, and fails to use the words, "she wishes not to retract same." The failure to use the words "she does not wish to retract it" is supplied by the use of words that we consider of equivalent import and meaning. The words used in the certificate are, "that she still voluntarily assents thereto." The definition of the word "assent," as given by Webster, is "to admit a thing as true, to express one's agreement; acquiescence; concurrence; to yield, agree, approve, accord; the act of the mind in admitting or agreeing to anything; concurrence with; approve, consent." To give one's approval to a thing —to consent thereto; to agree thereto; to concur therein—certainly affirms the idea that the party does not wish to retract it. It is settled law, that if words of equivalent import and meaning are used in the certificate of acknowledgment as those prescribed by the statute it is sufficient. 1 Dev. on Deeds, secs. 510, 522, 524; Belcher v. Weaver, 46 Texas, 298. The failure of the certificate to state that the instrument was explained to Mrs. Davis imposed the burden on appellant under his cross-action to prove that such explanation was made. Johnson v. Taylor, 60 Texas, 361. The purpose of the law is, that the officer taking the acknowledgment of the married woman shall fully explain to her the character and legal effect of the instrument. He acts in this respect as her adviser. It is this certificate of acknowledgment when perfectly made that gives character to the instrument. The acknowledgment required by the law is essential to the conveyance of a married woman. The law is that there must be a "full explanation" by the officer. Giving full effect to the evidence bearing on this question, we do not think it shows a full explanation was made of the instrument. Mrs. Davis testifies positively that no explanation was made. The effect of the evidence of Sherrill, the officer before whom the acknowledgment was made, is to negative the fact that an explanation was made. The evidence of Norton is given wherein he testified that Mrs. Davis said to him, "that she acknowledged the deed conveying the land before S. P. Sherrill, and that she and Sherrill at the time talked over the deed, and that she signed the deed as it was explained to her, and that she understood it only conveyed her life-estate." This is the evidence bearing upon explanation. The deed upon its face conveys the absolute fee in the land, and does not attempt to convey a less interest or title. Giving full effect to the statement of Mrs. Davis to Norton, that an explanation was made (which Mrs. Davis denies), it

shows that the instrument was explained to her as conveying her life-estate. If such an explanation was made it fell far short of explaining to her "fully" the instrument; for an explanation that it conveyed simply the life-estate was not a full explanation of the legal effect of the instrument, because it conveys the absolute title to the land. We do not think the court erred in instructing the jury to find for appellee. 60 Texas, 361; Langdon v. Marshall, 59 Texas, 297.

Appellee's plea of limitation under the four years statute we think presents a complete bar to Norton's remedy to correct the certificate of acknowledgment under his plea seeking such relief. The certificate was made in 1873, when at such time the deed was delivered to Norton. He at the time was charged with a knowledge of the fact that the certificate did not state the essentials of the statute constituting a perfect acknowledgment. He should have invoked his remedy to have the correction made before he did in this case, as this suit was filed February 27, 1889.

We report the case for affirmance.

*Affirmed.*