# FIRST DISTRICT, MARCH, 1893.

---

Mary W. Murphy v. Oscar Reynaud et al.

No. 107.

1. **Limitation of Ten Years.**—The evidence showed conclusively that appellees had held continuous possession of the land in controversy for more than twelve years prior to the institution of the suit, with an enclosure around it, using and enjoying it openly and notoriously. Appellant testified, that she and her husband consented for Mr. Klein (a former owner under whom appellees' claimed) to use the strip of land as an alley. *Held*, consent of the owner of the land to its occupancy by another does not of itself prevent such occupancy from being adverse. It is the absence of claim, or the recognition of the true owner by the possessor, which prevents an occupancy otherwise adverse from assuming that character.

2. **Deed Attacked for Forgery, When Admissible.**—The acknowledgment did not show that Mrs. Massie, who purported to have signed it, declared "that she wished not to retract it." It was in form an absolute conveyance by husband and wife, but recited unpaid purchase money, and was attacked in plaintiff's petition as a forgery. There was evidence tending to prove its execution by the husband, and it was sufficiently shown to render it admissible as his deed, for what it was worth.

3. **Acknowledgment of Married Woman.**—The omission of the officer to state in his certificate that the wife declared that she "wished not to retract" the conveyance, was fatal to the deed.

4. **Pleading—Special Allegations as to Defendant's Title.**—Plaintiff in her petition attacked one of the deeds in defendant's chain of title as a forgery, and declared that she had not signed nor in any manner executed it. The court below confined her right to recover to that ground alone. This was error. The pleader was not setting out specially her own title, but attacking her adversary's. The rule which confines plaintiff to the special title pleaded had no application.

5. **Executory and Executed Contract.**—That the deed retained a vendor's lien did not bring it within the ruling in Jones v. Goff, 63 Texas, 253. That case depended upon a contract to convey at a future time; here nothing was wanting to complete title but the payment of the notes, and there was no evidence that they had not been paid.

Appeal from Harris. Tried below before Hon. James Masterson.

*F. F. Chew*, for appellant.—1. The officer taking a married woman's acknowledgment to the execution of a deed conveying her separate estate, must certify that she declared that she wished not to retract it, or to equivalent facts. Davis v. Agnew, 67 Texas, 210; Groesbeck v. Bodman, 73 Texas, 292; Williams v. Ellingsworth, 75 Texas, 481; Jones v. Goff, 63 Texas, 254.

2. The purported deed from plaintiff and husband to Klein, retaining as it did the vendor's lien, was but the evidence of an executory contract by a married woman for the sale of a part of her homestead, and is absolutely void as to her, and therefore not admissible in evidence to show title in those claiming under same. McKelvain v. Allen, 58 Texas, 387; Jones v. Goff, 63 Texas, 253.

No brief on file for appellees.

WILLIAMS, Associate Justice.—Appellant sued appellees, in trespass to try title, to recover parts of certain lots in the city of Houston, which formed a strip of land 30 feet wide by 150 feet long. The petition contained the usual averments of title in plaintiff, and in addition alleged, that defendants claimed under a deed for the land to one Klein, purporting to have been signed by herself and her former husband, M. J. Massie, in September, 1871, and denied under oath that she had ever signed or in any manner executed such deed, and charged that her signature thereto was a forgery, and that she believed that of her husband was also a forgery. Defendants relied on pleas of not guilty, and limitations of three, five, and ten years.

It was shown at the trial, that the property at the date of the alleged deed to Klein was part of the homestead of appellant and her then husband, M. J. Massie. There was also evidence that it was the separate property of appellant by reason of its having been purchased with her means, though the deed was to her husband and put the legal title in him.

Defendants relied on the following title, besides limitation: Deed from plaintiff and her husband to C. W. Klein, September, 1871, recorded July, 1891; deed from Klein to W. S. Dugat and J. B. Likens, June 6, 1876, recorded June 10, 1876; deed from Dugat and Likens to appellee Reynaud, under whom the other appellees claim, of June 7, 1877, recorded September 18, 1878.

The certificate of acknowledgment attached to the deed, purporting to be signed by Massie and wife, was in the usual form, except that it contained no statement that Mrs. Massie declared that she wished not to retract the deed, nor any equivalent words. The instrument in form was an absolute conveyance of the property in controversy, except that it recited payment of $200 of purchase money in cash, and retained a ven-

dor's lien to secure three notes for $50 each, given for the balance, the last note falling due December 1, 1871. Evidence was introduced by defendants, both direct and circumstantial, tending to prove the execution of the deed by both Massie and his wife. On the other hand, there was evidence in behalf of appellant that it was a forgery. When the instrument was offered in evidence by defendants, appellant objected to its admission because of the defective acknowledgment; and because it was an executory contract, and not sufficient to convey her separate property and defeat her homestead right; and because its execution had been denied under oath.

The court admitted the deed, ruling that by her affirmative allegations attacking it as a forgery, appellant had put her right to recover upon that ground, and should be confined to it; and in the charge given to the jury, the right of appellant was made to depend on the issue as to the genuineness of her signature to the deed. That question was submitted to the jury upon the evidence, as was also the question of limitation, and they found a general verdict for defendants, stating specially that the deed was genuine.

The evidence upon the issue of limitation showed conclusively, that appellees had held continuous possession of the land in controversy for more than twelve years prior to the institution of the suit, with an enclosure around it, using and enjoying it, openly and notoriously, as a part of the Reynaud homestead; that during all this time they have claimed and used it as their own, and in hostility to all others. The evidence in behalf of appellant on this issue does not raise any conflict which would authorize a jury to find in her favor. She testified on this point as follows: "The strip of land in controversy in this suit was an alleyway, used by me before and after the death of my first husband in carrying wood and other things to the rear of our premises; myself and husband consented for Mr. Charles Klein to use said alleyway for like purposes in going to the rear of the premises. This alleyway was always a part of our homestead, and I never heard any one say that Mr. Massie had sold it. I never heard of it until I heard the deed above alluded to was filed for record. I allowed the defendants to use this alleyway, and never heard of their claiming a right to use it except by my consent until sometime about the year 1885. I returned from a visit, and found that defendants were erecting a house in front of this alleyway; I then had a fuss with them about it, but never could learn by what right they presumed to use it exclusively as their own."

This is all the evidence by which appellant, on the question of limitation, seeks to avoid the force of the specific facts, testified to by witness after witness, including her own children, that a fence was put around the property soon after the date of the deed to Klein, thus including it within the enclosure around the property constituting the homestead of

Klein and afterwards of Reynaud; that this fence was replaced, in 1882, by a new one which Reynaud built; and from 1879, at the latest, until the institution of suit, the possession by appellees was notorious and unbroken, and must from its very nature have been known to appellant. Her statements above copied are not sufficient to rebut or even weaken the evidence in support of the adverse possession, and could not sustain a finding in her behalf if the case were reversed. We must conclude, therefore, that appellees have had more than ten years peaceable and adverse possession, use, and enjoyment of the premises sued for. There is no proof of payment of taxes.

Our conclusions upon the law of the case are:

1. That the court did not err in admitting in evidence the instrument purporting to be a deed from Massie and wife to Klein. Its execution by Massie was sufficiently shown, and it was admissible as his deed for what it was worth.

2. But that deed was not sufficient to pass appellant's title, the omission of the officer to state in his certificate of acknowledgment that Mrs. Massie declared that she wished not to retract the conveyance being fatal. Norton v. Davis, 83 Texas, 32.

3. We do not perceive that the petition restricts its denial to the fact that appellant had signed the deed. The statement is, that she had not signed nor in any manner executed it. The acknowledgment by a married woman is an essential part of her execution of a deed, and the language used in the pleading is broad enough to include a denial of such acknowledgment. Besides, we do not understand that this rule would be as the court below held it, even if the petition denied only the signing of the deed. The pleader is not there setting out specially his own title, but is attacking that of his adversary, by the allegation of a fact which he evidently supposed must be supported by affidavit, and therefore must be specially pleaded. This opinion may have been erroneous, but it is nevertheless true, that there is no purpose shown to restrict the issues to the question of the genuineness of the signature to the deed. The rule which confines a plaintiff in this action to proof of a title specially pleaded has no application. The charge of the court was therefore erroneous, wherein it confined plaintiff to the issue of forgery. The deed, even if genuine, was ineffectual to pass title to the homestead, and appellant would have been entitled to recover if defeated on no other ground. The special charges so declaring the law were true.

4. The fact that the deed retained a vendor's lien did not bring it within the ruling in the case of Jones v. Goff, 63 Texas, 253. That case depended on a contract to convey at a future time. Here nothing was needed to complete title but the payment of the notes. There was no evidence that they had not been paid. None were produced, and it is evident, after this lapse of time, that if ever given, they had been paid.

There was no error, therefore, in refusing appellant's second special charge.

5. Nor should the court have given the special instructions numbers 1 and 5 asked by appellant, containing the proposition, that if appellant consented to the possession and use of the premises by defendants, they could not prescribe under the statutes of limitation. Consent of the owner of land to its occupancy by another does not of itself prevent such occupancy from being adverse, if the other essentials of an adverse holding appear. It is the absence of claim, or recognition of the true owner, on the part of the possessor, which prevents an occupancy which would otherwise be adverse from assuming that character. Such recognition does not necessarily result from an acquiescence in the use by the owner, but it is to be inferred from the conduct of the possessor.

6. It is unnecessary to decide whether or not the instruction given by the court and copied in the fourth assignment, as to the effect of abandonment of the homestead, was applicable to the case.

7. The evidence upon the issues of limitations was such as clearly entitled appellees to a verdict, and the result could not properly have been different had no error been committed. Appellant was barred by ten years limitation. The right judgment has been rendered, and the errors committed in the trial, inasmuch as the case must have been decided as it was, are immaterial.

*Affirmed.*

Delivered March 2, 1893.