### H. MASTERSON v. LOYD G. HARRIS.

Decided November 10, 1904.

#### 1.—Married Woman—Deed—Acknowledgment.

A declaration in an acknowledgment of a deed by a married woman that she consented that the instrument be recorded was equivalent to a statement that she did not wish to retract it.

#### 2.—Lost Instrument—Transcript from Court Records—Secondary Evidence.

Where in trespass to try title the evidence shows the loss and proper legal search for an original deed of trust, upon which defendant's testimony depends, a transcript from the records of the Supreme Court of the District of Columbia, to which was attached a copy of the lost deed, was admissible as secondary evidence tending to establish the deed.

#### 3.—Same—Burned Records—Recital in Abstract—Notice.

Where plaintiff in trespass to try title, before he bought the land in controversy, examined the abstract of title which showed two deeds reciting all the conveyances down to the defendant but did not show one conveyance by a former owner so recited, such recital in the deed shown by the abstract was notice sufficient to require of plaintiff further inquiry than merely an examination of the county records of deeds, the records having been twice burned and the residences of defendant and his grantor being set out in the abstract.

#### 4.—Deed—Recital.

A recital in a deed that the land was conveyed by A. to S. and then to G. was not a recital of two conveyances by the same grantor, but the reasonable inference would be that the last grantee conveyed to the next.

Error from the District Court of Chambers. Tried below before Hon. L. B. Hightower.

*Masterson, Morris & Masterson* and *Bullitt & Louis,* for plaintiff in error.

1.  The court erred in admitting in evidence deed from Susan Harris to Susan W. Fleming for the property in controversy, because the property thereby attempted to be conveyed was the separate property of Susan W. Harris, and to which there was not proper privy acknowledgment. Freeman v. Preston, 29 S. W. Rep., 495; Locker v. Miller, 59 Texas, 499; Davis v. Agnew, 67 Texas, 210; Hayden v. Moffatt, 74 Texas, 649; Norton v. Davis, 83 Texas, 36.

2.  The copy of the deed from Myer M. Simpson to Phineas D. Gurley, not being a certified copy of a recorded instrument, was not admissible until the execution of the original (of which it purported to be a copy) was proven up, as at common law, by the subscribing witnesses, or other competent testimony. Wiggins v. Fleishel, 50 Texas, 62; Walker v. Cole, 24 S. W. Rep. 76; Sloan v. Thompson, 23 S. W. Rep., 613.

3.  The deed from Wm. B. and Susan W. Fleming to Loyd G. Harris was admissible only, if at all, as a muniment of title to said Harris, but the recitals of the source of the Fleming title contained in said deed was not admissible to affect plaintiff with notice of conveyance out of Myer M. Simpson, although it had been proven that said deed, with

recitals contained in the abstract, was examined by plaintiff before his purchase. Because, if these recitals were sufficient to put a purchaser upon inquiry, they directed where the inquiry should be made, designating the deed record of Chambers County, Texas, as the place to satisfy the inquiry; and as the abstract, certified to by the abstractor, Davis as a correct abstract of said title from the records failed to show such a deed, and the plaintiff had a further examination made of the records, and found no such deed, the recitals were no longer operative to put him upon further inquiry, and that part of the deed should have been excluded from the jury. White v. McGregor, 92 Texas, 556; Tapps v. Covey, 64 Texas, 596; Frank v. Heidenheimer, 84 Texas, 644; Houston v. Blythe, 60 Texas, 512; Bartell v. Kelsey, 59 S. W. Rep., 633; Reagan v. Evans, 21 S. W. Rep., 427; Holmes v. Buckner, 61 Texas, 112; King v. Adams, 71 Texas, 4; Lumpkin v. Adams, 74 Texas, 102; Fullenweder v. Furguson, 70 S. W. Rep., 222. As to extent of the inquiry, if put upon inquiry, see Gulf, C. & S. F. Ry. Co. v. Gill, 23 S. W. Rep., 142; Same v. Same, Supreme Court, 24 S. W. Rep., 503.

*H. E. Marshall, H. H. Jackson* and *J. R. Davis,* for defendant in error:—

1. The court did not err in admitting in evidence the deed from Susan W. Fleming and husband to Loyd G. Harris, for the reason that said deed had a proper certificate of acknowledgment made by W. E. Lorain, of Kentucky, in 1881, and the words in the certificate of acknowledgment, "She consented that the same might be recorded," and also the words, "She declared that she did voluntarily execute and deliver the same to be her act and deed," are substantially equivalent to "She did not wish to retract it." Norton v. Davis, 83 Texas, 36; Belcher v. Weaver, 46 Texas, 298; 1 Devlin on Deeds, secs. 510, 522, 524.

2. Whether or not proof of loss and search is sufficient to warrant secondary evidence is question for trial court. Cheatham v. Riddle, 8 Texas, 166; Mayes v. Moore, 13 Texas, 88; Jackson v. Destande, 1 Un. Cas., 674. Contents of lost deed may be proved by secondary evidence. Dikes v. Miller, 25 Texas Supp., 291; Dwyer v. Bassett, 1 Texas Civ. App., 515; Rippetoe v. Dwyer, 65 Texas, 709; Campbell v. Wilson, 23 Texas, 253.

3. The execution and existence of the deed of trust was proven, its loss established, and the search for same shown. Clavitt v. Cloud, 14 Texas, 55; Patterson v. Lowry, 48 Texas, 412.

4. Whatever is sufficient to put any one upon inquiry, is in law, notice. Smith v. Adams & Wicks, 4 Texas Civ. App., 7; Angel v. Simmons, 7 Texas Civ. App., 331; Electric Bell Co. v. Ide, 15 Texas Civ. App., 273.

A party will be charged with knowing whatever, by diligently using the means in his power, he ought to have known. Vardman v. Edwards, 21 Texas, 744.

A party will be charged with notice because of negligence in not making proper inquiry. Heins v. Perry, 25 Texas, 453; Bacon v. O'Connor, 25 Texas, 225.

Where the notice is of a prior conveyance, it will not be sufficient for

a party to merely examine the records for the instrument; he should make inquiry of the grantee therein, or of some person likely to possess the knowledge. Webb, Record Title, sec. 226, and note 3.

Whatever is notice enough to excite attention, and to put a party on his guard for inquiry, is notice of everything to which it is afterward found such inquiry might have led, although all was unknown for want of investigation. John v. Battle, 58 Texas, 596; Heins v. Perry, 25 Texas, 452.

A purchaser is affected with constructive notice of all facts appearing in the recitals contained in any and all written instruments, relating to the title of the property he is about to acquire, and where any instrument in the chain of title refers to any other instrument also in the chain of title, or material thereto, he is chargeable with notice of all the facts that it recites, and will not be heard to say that he did not read the writing in question. McRimmon v. Martin, 14 Texas, 318; Holmes v. Buckner, 67 Texas, 107; Renick & Frazier v. Dawson, 55 Texas, 102; 23 Am. & Eng. Ency. Law (2 ed.), p. 508, subdiv. 4, and notes thereto; Greenl. on Ev., p. 32, sec. 23, and note; 2 Sug'd on Vend., pp. 340, 341.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by H. Masterson against Lloyd G. Harris for the recovery of 640 acres of land situated in Chambers, formerly Liberty County, and patented to M. B. Menard, assignee of Jane Barry. The defendant pleaded not guilty. Title was deraigned by both parties to Meyer M. Simpson, the plaintiff holding the junior title through a conveyance from the heirs of Simpson dated July 19, 1900, and the defendant the senior under a lost deed from Meyer M. Simpson to Phineas D. Gurley in trust for Susan W. Armstrong, wife of Arnold Harris, dated May 14, 1859; a deed from the Gurley heirs to Susan W. Harris dated June 30, 1869; a deed of gift from Susan W. Harris to Susan W. Fleming dated October 26, 1870; and a deed from Susan W. Fleming and her husband to the defendant Lloyd G. Harris. The case was submitted to a jury upon the issue of notice of the defendant's title to the plaintiff when he bought the land from Simpson's heirs and resulted in a verdict and judgment in favor of the defendant. The facts support the verdict. When Masterson bought the land he had before him an abstract of the title which contained two deeds that recited all the conveyances down to the defendant, but it showed no deed from Meyer M. Simpson to any one, Masterson made no inquiry about the conveyance from Simpson to Gurley further than the abstract of title disclosed and did not prosecute any inquiries of the defendant or his grantor, although their residences were recited in the deed set out in the abstracts. The purchase of the land was negotiated for the plaintiff from the heirs of Simpson by one J. O. Davis at $1 an acre, of which Davis received one-half, and had also an arrangement with the plaintiff by which he was to receive one-third of the profits. At the time plaintiff bought it the land was worth $10 an acre, and it was generally known in the community where it was situated that Lloyd G. Harris was the owner of it. The defendant had paid the taxes on the land for more than twenty years, and the Simpson heirs

from whom the plaintiff purchased did not know where the land lay, made no claim to it, and had paid no taxes thereon. Chambers County was formerly a part of Liberty County and the deed records of Liberty County had been twice destroyed by fire. These facts the plaintiff knew.

The plaintiff objected to the admission of the deed from Susan W. Fleming to Lloyd G. Harris and the recitals contained in it, because, as contended by him, it was not acknowledged as required of married women and was a nullity. It is claimed that the certificate of acknowledgment does not show "that she did not wish to retract it." The language of the certificate is that she "declared that she did freely and voluntarily execute and deliver the same to be her act and deed for the uses and purposes therein set forth and consented that the same be recorded." Consent that the instrument might be recorded was substantially equivalent to a statement that she did not wish to retract it. Norton v. Davis, 83 Texas, 36; Belcher v. Weaver, 46 Texas, 298; 1 Devlin on Deeds, secs. 510, 522, 524. Another acknowledgment was taken in 1903 about which no complaint is made, and the deed was properly admitted on that, if not on the first, to show title in the defendant; but the first acknowledgment being valid the deed was admissible as bearing on the question of notice.

There was no error in admitting in evidence the transcript from the records of the Supreme Court of the District of Columbia to which was attached a copy of the deed of trust from Meyer M. Simpson to Phineas D. Gurley. It was admissible as secondary evidence to aid in establishing the deed of trust which had been lost. The evidence established the loss and proper and legal search for the original deed of trust, and Lloyd G. Harris testified as to existence and contents of the original and attached a copy of the original to his testimony. It was not necessary, as in the case of an existing instrument, to prove it up by subscribing witnesses, but secondary evidence was admissible for that purpose. This is not the proof of an original deed as at common law, as the plaintiff's proposition under his assignment of error seems to indicate.

The court admitted in evidence a deed from William B. Fleming and Susan W. Fleming to Lloyd G. Harris containing the following recitals.

"That Lloyd G. Harris resided in St. Louis, Mo.

"Also 640 acres of land patented to said M. B. Menard as assignee of J. Barry on the 21st day of November, 1851, recorded in vol.—, third class of headrights, . . . and all of which land was conveyed to Alfred F. James by said M. B. Menard on 1st of August, 1854, and afterwards by said James to Mordecai Abrams, on 12th day of September, 1854, which deed is recorded in the clerk's office for said county of Chambers, late Liberty, Book M, pages 18 and 19, on the 13th day of September, 1854, and then conveyed by said Abrams to Meyer M. Simpson on the 16th of May, 1855, on pages 198, 199, book M, and then conveyed to Phineas D. Gurley by deed dated 14th day of May, 1859, and also being a portion of the lands transferred from the heirs of said Phineas D. Gurley, then deceased, by order of the Supreme Court of the United States at a special term thereof, held within the city of Washington, D. C., on or about 19th of November, 1869, which said proceedings with accompanying deed have been duly admitted to

record in clerk's office for county of Chambers aforesaid, containing 1747 acres, more or less."

It is contended that the recitals contained in the deed from Wm. B. Fleming to Lloyd G. Harris were not admissible to affect the plaintiff with notice of the deed from Meyer M. Simpson to Phineas D. Gurley, although it had been proven that said deed and its recitals contained in the abstract had been examined by the plaintiff before his purchase, because the plaintiff was not required to go further in his inquiry than the deed records of Chambers County, and having found no such deed of record there the recitals were no longer operative to put him upon further inquiry. The plaintiff had actual notice of the recitals in the deeds from Wm. B. Fleming and Susan W. Fleming to Lloyd G. Harris and from Susan Harris to Susan W. Fleming that Meyer M. Simpson had conveyed the land to Phineas D. Gurley as trustee for Susan W. Harris, and of the decree of the court and the deed of Gurley's heirs. It was not a question of constructive notice by a grantee of recitals in deeds not in his chain. It was actual notice of facts that put the plaintiff upon reasonable inquiry to find the truth, such as in view of the facts could not be discharged by an examination only of the deed records of Chambers County to see if the deed was of record there. The cases cited by the plaintiff himself support this view. The recitals show that the land was conveyed by Mordecai Abrams to Meyer M. Simpson and then to Phineas D. Gurley, and the plaintiff claims that this was a recital of two conveyances by Abrams, first to Simpson and afterwards to Gurley, and not notice that Simpson had conveyed the land. This is not the necessary construction, but to the contrary the reasonable construction would be that the last grantee had conveyed to the next. At least it suggested an inquiry that was not sufficiently followed up. The testimony of the plaintiff shows that the abstract showed conveyance "by the said Simpson to Phineas D. Gurley;" so there must have been a clerical error in the bill of exception. There is nothing in the point. There is no error in the charge of the court upon the question of notice as complained of under the seventh, eighth and ninth assignments of error. Special instruction number 2 requested by the plaintiff charging the jury that the duty of inquiry suggested by the recitals in the abstract ended with a search of Chambers County records was properly refused; and the case was submitted to the jury under a correct charge. No error having been shown in the record, the judgment of the court below is affirmed.

*Affirmed.*