## VANDERWOLK et al. v. MATTHAEI.
### (No. 5273.)

(Court of Civil Appeals of Texas. San Antonio. April 29, 1914. Rehearing Denied June 10, 1914.)

1. HUSBAND AND WIFE (§ 198*)—WIFE'S SEPARATE ESTATE—CONVEYANCES.

Where land was the separate property of a wife, a deed from the stepmother of the wife to the wife's husband conveyed no title, notwithstanding the wife permitted and acquiesced in the conveyance.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 733, 944; Dec. Dig. § 198.*]

2. HUSBAND AND WIFE (§ 171*)—WIFE'S SEPARATE ESTATE—MORTGAGE—DEBTS OF HUSBAND.

Where a wife executed a mortgage to secure her husband's note, any extension of such note without her consent, which would be binding upon both parties, so that the holder of the note could decline to accept payment until the extended date, would release her property so mortgaged.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 671-683, 721, 950, 951; Dec. Dig. § 171.*]

3. ACKNOWLEDGMENT (§ 37*) — CONTENTS OF CERTIFICATE — ACKNOWLEDGMENTS OF MARRIED WOMEN.

Under Rev. St. 1911, art. 6802, providing that the officer shall not certify to a married woman's acknowledgment, unless she acknowledges that the instrument is her act and deed, that she has willingly signed the same, and that she wishes not to retract it, a certificate to a married woman's deed which failed to show that she did not wish to retract it was fatally defective.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 183, 199–216; Dec. Dig. § 37.*]

4. MORTGAGES (§ 587*)—FORECLOSURE BY ACTION—JUDGMENT—PERSONS CONCLUDED.

Where a husband and wife executed a mortgage of the wife's separate property, a judgment foreclosing such mortgage after the death of the wife was not binding upon the heirs of the wife; they not being parties.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1685, 1685½, 1687, 1688; Dec. Dig. § 587.*]

5. ACKNOWLEDGMENT (§ 37*) — CONTENTS OF CERTIFICATE — ACKNOWLEDGMENT OF MARRIED WOMEN.

Where a certificate to a married woman's deed failed to state that she did not wish to retract it, it could not be contended, in the absence of evidence to the contrary, that the acknowledgment was, in fact, properly taken, but merely defectively certified.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 183, 199–216; Dec. Dig. § 37.*]

6. ADVERSE POSSESSION (§ 63*) — HOSTILE CHARACTER OF POSSESSION—BY VENDOR OR PURCHASER.

Where husband and wife conveyed land and retained a vendor's lien to secure purchase-money notes, the vendee did not hold adversely to the wife, though the deed as to her was void,

because defectively acknowledged, as the vendee thought the deed was good, and recognized the existence of the superior title in her.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 333–357; Dec. Dig. § 63.*]

7. MORTGAGES (§ 213*)—REDEMPTION—NECESSITY OF TENDER.

Before a mortgagor can recover property mortgaged, of which the mortgagee is rightfully in possession, he must tender the amount of money due on the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 482–491, 1576; Dec. Dig. § 213.*]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Action by Elizabeth Jenke Vanderwolk and others against W. A. Matthaei. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. E. Edmundson, of Bellville, and John T. Duncan, of La Grange, for appellants. Searcy & Botts, of Brenham, and Johnson, Matthaei & Thompson, of Bellville, for appellee.

MOURSUND, J. Elizabeth Jenke Vanderwolk and Charles J. Jenke, a minor suing by his father, Chas. A. Jenke, as next friend, on April 5, 1913, sued W. A. Matthaei in trespass to try title, seeking to recover two tracts of land in Austin county, one containing 75 acres, the other 33 acres. Defendant answered by general denial, plea of not guilty; then pleaded statutes of limitation of three, five and ten years in bar of plaintiffs' suit; and also pleaded that he had made improvements in good faith, setting out the title upon which he based said claim. Plaintiffs pleaded their minority in reply to the pleas of limitation, denied the allegations of the answer, and attacked the title under which defendant claims, alleging in detail the various defects claimed by them to exist in defendant's title.

Judgment was rendered for defendant, and findings of fact and conclusions of law were filed.

The findings of fact read as follows:

"First. I find that this suit was filed by the plaintiffs against defendant in the district court of Austin county, Tex., on the 5th day of April, 1913.

"Second. I find that A. Louise Jenke was the wife of Chas. A. Jenke and the mother of plaintiffs; that she died intestate in Austin county, Tex., on the 5th day of June, 1895, leaving surviving her her husband, Chas. A. Jenke, and the plaintiffs and another minor child, who died in infancy about one year after the death of the said A. Louise Jenke; that there was no administration on the estate of the said A. Louise Jenke; that the plaintiff Elizabeth Jenke Vanderwolk married —————— Vanderwolk on the —————— day of January, 1909; and that the said —————— Vanderwolk died on the —————— day of August 1909.

"Third. I find that A. Louise Jenke was the daughter of George C. and Caroline Nolte; that they both died before May 13, 1890, and died without leaving a will; that A. Louise Jenke claimed the property by inheritance from her father and mother, George C. and Caroline Nolte; that plaintiffs claim the same by in-heritance from their mother, A. Louise Jenke; that plaintiffs alleged in their petition that A. Louise Jenke was the common source of title.

"Fourth. The plaintiffs first introduced a deed from Louise Nolte, the stepmother of A. Louise Jenke, stating that the said deed was made for the purpose of conveying the interest of Louise Nolte in her father and mother's estate, and was for partition. This deed was made with the consent of A. Louise Jenke. This deed vested the legal title to the property conveyed by Louise Nolte, if the said Louise Nolte had any title in said land, in Chas. A. Jenke. This deed was dated April 19, 1890, and was duly recorded on the 21st day of April, 1890.

"Fifth. Plaintiffs next introduced in evidence the mortgage executed by Chas. A. Jenke and his wife, A. Louise Jenke, conveying the land in controversy to Mrs. Clara Matthaei, to secure the payment of two promissory notes of even date with said mortgage due and payable 1 and 2 years after date, respectively, each of said notes being for the sum of $250, and bore interest from date until paid at the rate of 8 per cent. per annum. This mortgage was duly acknowledged and recorded on the 17th day of May, 1890. Plaintiffs next introduced in evidence a deed from Chas. A. Jenke and his wife, A. Louise Jenke, conveying the land in controversy to Theo Dierbach. This deed was dated August 23, 1894, the consideration being that Theodore Dierbach should pay to W. A. Matthaei, who was then the owner thereof, the two Clara Matthaei notes, and for the further consideration of three notes executed by said Theodore Dierbach to Chas. A. Jenke, one for $76.15 and two for $100 each. This deed was recorded on the 25th day of August, 1894. In the acknowledgment of A. Louise Jenke to this deed, the words 'that she did not wish to retract it' were left out by the notary taking the acknowledgment.

"Sixth. Plaintiffs next introduced in evidence the petition filed in the district court of Austin county, Tex., on the —————— day of May, 1900, by W. A. Matthaei, as plaintiff, against Chas. A. Jenke and Theodore Dierbach on the two notes executed by Chas. A. Jenke to said Mrs. Clara Matthaei, secured by mortgage above referred to, and which were assumed by Theodore Dierbach. The judgment entered in said suit against Chas. A. Jenke and Theodore Dierbach forecloses said mortgage as against Chas. R. Jenke and Theodore Dierbach on said land. The order of sale issued on said judgment, and the sheriff's deed, conveying said land to W. A. Matthaei. This deed was dated the 9th day of August, 1900, and recorded on the 31st day of August, 1900.

"Seventh. On the 21st day of March, 1890, J. H. Machemehl conveyed to Chas. A. Jenke lot No. 3 of the A. Haak's subdivision to the town of Bellville for $400, secured by vendor's lien note. The money borrowed from Mrs. Clara Matthaei was used for the purpose of paying off this vendor's lien note and erecting a house on said lot for Chas. A. Jenke and wife to live in, the old house having been burned down.

"Eighth. I find that the mortgage notes executed by Chas. A. Jenke to Mrs. Clara Matthaei were renewed by Chas. A. Jenke in 1894 and again in 1897. The deed from Chas. A. Jenke and wife to Theodore Dierbach was recorded on the 25th day of August, 1894. I find that A. Louise Jenke in 1894, by joining in the deed to Theodore Dierbach, ratified and confirmed the renewal of the Matthaei notes made by Chas. A. Jenke."

"Tenth. I find that Chas. A. Jenke sold two (2) of the vendor's lien notes executed to him for the land to Schauerhammer & Roensch of Bellville, Austin county, Tex., and that Theodore Dierbach paid said notes.

"Eleventh. The defendant introduced in evidence for himself each of the instruments above

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

referred to and that had been introduced by the plaintiffs.

"Twelfth. I find that Theodore Dierbach entered into possession of 75 acres of the land sued for in the fall of 1894, fenced the same, and raised a crop thereon for the years 1895 and 1896, and that the said Theodore Dierbach, by himself and agents claiming to be the owner of said land, had and held quiet, peaceable, and continuous adverse possession thereof, using and enjoying the same, and paying all of the taxes due thereon under deed duly recorded from the fall of 1894 to the date that the land was sold to W. A. Matthaei by the sheriff on the 9th day of August, 1900.

"Thirteenth. I find that as soon as the sheriff's deed to said land was executed and delivered to the said W. A. Matthaei, that he, claiming to be the legal owner of said land, went into possession thereof and held quiet, peaceable, continuous, and adverse possession of said land, using and enjoying the same, and paying all taxes due thereon under deeds duly registered from the 9th day of August, 1900, to the filing of this suit.

"Fourteenth. I find that the $500 due Matthaei, and secured by the mortgage, was never paid, and that W. A. Matthaei is in possession of said land.

"Fifteenth. I find that neither the plaintiffs nor the defendant deraign title to the land in controversy from the sovereignty of the soil."

Our conclusions upon the law of the case are:

[1] 1. That plaintiffs and defendant claim title from a common source, to wit, Mrs. A. Louise Jenke. The deed from her stepmother, Louise Nolte, to Chas. A. Jenke conveyed no title, and, besides, carries on its face notice that the land is the separate property of Mrs. A. Louise Jenke. There is no merit in the contention that the latter could pass title to her husband by permitting, or acquiescing in, the making of a conveyance to him of her land.

[2] 2. The mortgage executed by plaintiffs' mother was for the purpose of securing the payment of her husband's note, and any extension thereof without her consent, which would be binding upon both parties, so that the holder of the note could decline to accept payment until the date to which such note was extended, and Jenke could refuse to pay it until that time, would release her property so mortgaged. Red River Nat'l Bank v. Bray, 105 Tex. 312, 148 S. W. 291. In this case the court found that the notes had been renewed twice by Mr. Jenke, one of which renewals had been ratified by his wife, but fails to find that they were extended, or to state facts from which we can determine whether any extension was made sufficient to release Mrs. Jenke's land. Upon examining the statement of facts, we find that the court's finding that the notes were renewed is correct, as Jenke signed two written renewals sufficient to toll the statute of limitations, but such promises did not create any extensions for any definite time, nor is the evidence sufficient to show that any agreement was ever made which would have prevented Jenke or Mrs. Jenke or her heirs from at any time paying off the notes. Therefore Mrs. Jenke's land was not released from liability under the mortgage.

[3] 3. The deed from Jenke and wife to Dierbach bears the following certificate of acknowledgment:

"The State of Texas, County of Austin.

"Before me, J. H. Machemehl, a notary public in and for Austin county, Texas, on this day personally appeared Chas. A. Jenke and Louise Jenke, wife of said Charles A. Jenke, both to me known to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed, and the said Louise Jenke, wife of the said Chas. A. Jenke, having been examined by me privily and apart from her husband and having the same by me fully explained to her, she, the said Louise Jenke, acknowledged such instrument to me to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office this 23d day of August, A. D. 1894. J. H. Machemehl, Notary Public, Austin County."

At the time said acknowledgment was taken, the law relating to acknowledgments was the same as it now is, which provides that the officer shall not certify to a married woman's acknowledgment unless she acknowledges that the instrument is her act and deed; that she has willingly signed the same; and that she wishes not to retract it. Article 6802, Rev. Stat. 1911. Article 6805 prescribes that a certain form shall be substantially followed.

The certificate above set out fails to show that Mrs. Jenke declared that she did not wish to retract the instrument. Neither the words set out in the statutory form nor any words equivalent thereto are used. The law gives to a married woman a chance to retract, no matter how willingly she signed the instrument, and, while we might be disposed to question the wisdom of requiring so much particularity in the taking of a married woman's acknowledgment, and venture the opinion that our law has been productive of much more injustice and wrong than it has prevented, yet we must give effect to the plain provision of the statute as written. The words expressing the idea that she signed willingly are those designated in the statutory form, and there are no words which, even with the utmost liberality of construction, can be pointed out as conveying the idea that Mrs. Jenke ever declared that she did not wish to retract the instrument. Under the plain terms of the statute, the declaration of a desire not to retract is just as essential as the declaration that the signing was willingly done, and compliance with one of such requisites does not dispense with the other. Davis v. Agnew, 67 Tex. 206, 2 S. W. 43, 376; Burkett & Murphy v. Scarbrough, 59 Tex. 495; Williams v. Ellingsworth, 75 Tex. 480, 12 S. W. 746; Murphy v. Reynaud, 2 Tex. Civ. App. 470, 21 S. W. 991; Estes v. Turner, 30 Tex. Civ. App. 365, 70 S. W. 1007. Certificates have been held good in which words were used which, in the opinion of the courts, showed that the woman declared she wished not to retract, though the language

used was different from that set out in the statutory form. See Norton v. Davis, 83 Tex. 32, 18 S. W. 430; Masterson v. Harris, 37 Tex. Civ. App. 145, 83 S. W. 428; Spivy v. March, 105 Tex. 473, 151 S. W. 1037, 45 L. R. A. (N. S.) 1109. Appellee cites the last-named case as authority to sustain the certificate now being considered. The court did not hold that any statutory requirement could be dispensed with, but construed certain language to be sufficient to show a substantial compliance with the statute. We do not care to discuss the question whether that construction was correct. Appellee can receive no comfort from the opinion, unless it is construed as doing away with the requirement that an opportunity to retract shall be given, and we decline to give it that construction. Mrs. Jenke's acknowledgment to the deed to Dierbach was fatally defective, and such deed did not pass her title to the land. Veeder v. Gilmer, 103 Tex. 458, 129 S. W. 595; Holland v. Votaw, 130 S. W. 884.

[4] 4. The judgment foreclosing the mortgage lien and the execution sale thereunder are not binding upon the plaintiffs, as their mother was dead at the time such suit was filed, and no administration upon her estate existed, nor was it attempted to foreclose the mortgage as to any one holding her title to the land.

5. The question then arises whether defendant has any title by limitation. The first question is whether Dierbach acquired title by limitation. Appellee contends that limitation would have run against Mrs. Jenke had it not been for her coverture, and that upon her death it began to run against the children, because disabilities cannot be tacked together.

[5] As we understand the holding in the case of Veeder v. Gilmer, supra, it could not be contended in this case that Mrs. Jenke's acknowledgment was, in fact, properly taken, but merely defectively certified, and that therefore the deed was not void for four years after its signing, and, in fact, there was no pleading to that effect, nor any evidence, although the notary who took the acknowledgment testified upon the trial. We therefore conclude that the instrument under which Dierbach claimed was void as to Mrs. Jenke.

[6] The deeds signed by Jenke and wife did not purport to be the deed of Mrs. Jenke alone, but was a deed on Jenke's part, in which he conveyed the land to Dierbach, and said deed was sufficient to support a claim by virtue of the five-year statute of limitations as against outsiders and as to the makers, had the purchase money been paid. Hunton v. Nichols, 55 Tex. 217; McDonough v. Jefferson Co., 79 Tex. 535, 15 S. W. 490; Bank v. Roberts, 103 S. W. 455. But appellants contend that, as the purchase money was not paid, and a vendor's lien was retained, limitation would not begin to run as against their mother until the notes were paid off or her title repudiated by Dierbach. In other words, that, as Dierbach thought the deed was good, and recognized the existence of the superior title in her, he could not be said to have held adversely to her. There can be no doubt, under the authorities, that as to Jenke there was no adverse holding by Dierbach, as a note held by Jenke was never paid off, and we cannot see that the fact that as to Mrs. Jenke the deed was a nullity can make the holding adverse to her when, in fact, Dierbach considered the superior title to be in her. We cite in support of this conclusion, the case of Smith v. Pate, 91 Tex. 596, 45 S. W. 6, and the cases therein cited.

The possession under which appellee claims title by limitation did not become adverse until the mortgage lien had been foreclosed and appellee had purchased under execution sale. At that time plaintiffs were minors, and at the time this suit was brought plaintiff Chas. J. Jenke was still a minor. Plaintiff Elizabeth Jenke Vanderwolk was born June 4, 1889, was married in January, 1909, and became a widow in August, 1909. As she was under 21 years of age during the period of her marriage, limitation did not run during said time against her right to recover land. Article 5684, Rev. Stat. 1911; Gibson v. Oppenheimer, 154 S. W. 697. Appellants are not barred by the statutes of limitation of five or ten years, and the three-year statute does not apply in this case.

6. The appellee, however, contends that he is at least a mortgagee in lawful possession of the premises, and that appellants, if not precluded from recovery upon the grounds hereinbefore considered, are nevertheless precluded from recovering, because they have not tendered the amount of the debt secured by the mortgage. We have concluded that the evidence fails to show such an extension as would release the mortgage lien. Dierbach went into possession under a general warranty deed which did not pass Mrs. Jenke's title, but passed such title as her husband thereafter acquired. Jenke inherited a life estate in one-third of the land from his wife, and a one-sixth interest from his child. So we find that Dierbach, who was put in possession of the land by appellants' parents, became a part owner thereof after Mrs. Jenke's death, and such interest passed to appellee under the foreclosure proceedings, as well as the possession of the land held by Dierbach.

[7] Was the appellee a mortgagee legally in possession of the land? The facts are different from those in the case of Morrow v. Morgan, 48 Tex. 308, for in that case the foreclosure conferred no title or right of possession whatever. In this case, if an outsider had bought from Dierbach after the title acquired by Jenke passed to him and paid off the mortgage, it is clear that appellants could not recover without reimbursing him to the extent that their interests in the land were subject to the mortgage. Duke v. Reed, 64 Tex. 705. We think the same rule should be ap-

plied when the mortgagee secures the title and possession held by Dierbach by proceedings valid as to him, and therefore conclude that appellants were not entitled to recover in an action of trespass to try title because they did not offer in their pleadings to pay their part of the mortgage debt. Calhoun v. Lumpkin, 60 Tex. 190; McCamant v. Roberts, 25 S. W. 731; Hicks v. Hicks, 26 S. W. 227; Baker & Terrell v. Collins & Williams, 4 Tex. Civ. App. 520, 23 S. W. 493; Garrett v. McClain, 18 Tex. Civ. App. 248, 44 S. W. 47; Hays v. Tilson, 18 Tex. Civ. App. 610, 45 S. W. 479; Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Rodriguez v. Haynes, 76 Tex. 232, 13 S. W. 296; Whitney v. Krapf, 8 Tex. Civ. App. 304, 27 S. W. 843; Kaylor v. Kelsey, 91 Neb. 404, 136 N. W. 54, 40 L. R. A. (N. S.) 839, and note thereto; Townshend v. Thomson, 139 N. Y. 152, 34 N. E. 891; Bryan v. Brasius, 3 Ariz. 433, 31 Pac. 519; Sawyer v. Loan & Trust Co., 41 Wash. 524, 84 Pac. 8; Raggio v. Palmtag, 155 Cal. 797, 103 Pac. 312.

The judgment is affirmed.